IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVISON DESIGN & DEVELOPMENT, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:23-cv-644 |
| MARIO SCORZA, | ) | |
| Defendant. | ) | |

**COMPLAINT/MOTION TO VACATE OR MODIFY ARBITRATION AWARD**

Plaintiff Davison Design & Development, Inc. ("Davison") files this Motion to Vacate or Modify Arbitration Award pursuant to 9 U.S.C. §§ 10-11.[1]

**INTRODUCTION**

1. At a bare minimum, a party defending claims asserted against it in a private arbitration proceeding is entitled to notice of those claims, and a full and fair opportunity to mount a defense and respond to them.

2. An arbitrator exceeds his authority by granting relief based on claims or arguments that the parties themselves do not seek or raise in their submissions to the arbitrator.

3. That's because the scope of an arbitrator's authority is limited to the issues the parties actually submit to the arbitrator.

---

[1] "[A]pplications to vacate an arbitration award under FAA Section 10 are . . . to be made as motions," *PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 313 (3d Cir. 2021), and they "result in summary proceedings that do not require a district court to carry on a formal judicial proceeding," *Jiangsu Beier Decoration Materials Co. v. Angle World LLC*, 52 F.4th 554, 560 (3d Cir. 2022); *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008) (recognizing the same as to FAA Section 11, 9 U.S.C. § 11).

4. Here, Defendant Mario Scorza ("Scorza"), the claimant in the underlying arbitration, expressly and repeatedly stated one—and only one—legal basis for his request for attorneys' fees and costs: the Pennsylvania Unfair Trade Practices and Consumer Protection Act (the "UTPCPL").

5. Scorza also did not assert any other statutory claims during the nearly 2 years the underlying arbitration was pending.

6. Nor did he assert any other legal basis for his request for attorneys' fees and costs.

7. As a result, Davison limited its defenses, arguments, and submissions to the arguments and claims Scorza actually submitted to the Arbitrator, and it limited its submissions on the issue of attorneys' fees and costs to the UTPCPL.

8. However, without notice to the parties, the Arbitrator's final award granted Scorza's request for attorneys' fees and costs, citing as the legal bases for doing so two statutes under which Scorza had never asserted a claim or argued as the basis for that request, and which Davison thus had not addressed in its submissions to the Arbitrator.

9. By granting relief to Scorza on the basis of claims and arguments the parties had not submitted to him, the Arbitrator exceeded his powers and awarded upon a matter not submitted to the Arbitrator.

10. Accordingly, the Arbitrator's final award should be partially vacated pursuant to 9 U.S.C. § 10(a)(4) or, alternatively, modified pursuant to 9 U.S.C. §

11(b), by striking that portion of the Final Award granting attorneys' fees and costs to Scorza.

## PARTIES

11. Plaintiff Davison is a corporation that is duly incorporated and has its headquarters in Pennsylvania at 595 Alpha Drive, Pittsburgh, Pennsylvania 15238.

12. Defendant Mario Scorza ("Scorza") is an adult resident of the State of Texas who resides at 341 Old Mill Creek Drive, Waco, Texas 76712.

## JURISDICTION AND VENUE

13. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse (Davison is a citizen of Pennsylvania because it is headquartered there, and Scorza is a citizen of Texas because he is domiciled there), and the amount in controversy exceeds the sum or value of $75,000.00 (the amount of attorneys' fees and costs erroneously awarded that Davison seeks to vacate is $199,024.05).

14. Venue is proper in this Court under 9 U.S.C. § 10(a) because the underlying arbitration hearing occurred, and the award was made, in Pittsburgh, Allegheny County, Pennsylvania, which is within this District, 28 U.S.C. § 118(c); and under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this Motion occurred in this District.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The Parties' Contracts and Private Arbitration

15. In 2017 and 2018, the parties entered into four separate agreements in connection with Scorza's "Trava Weigh" invention idea.

16. In July 2021, Scorza commenced an arbitration proceeding before the American Arbitration Association ("AAA") by filing a document entitled "Plaintiff's Original Petition" (the "Demand for Arbitration").[2]

17. The Demand for Arbitration asserted five causes of action: (i) breach of contract; (ii) "common-law fraud"; (iii) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (the "UTPCPL"); (iv) "fraud by non-disclosure"; and (iv) negligent misrepresentation.[3]

18. Scorza's Demand for Arbitration included a request for attorneys' fees, but it did not identify the legal basis for that request.[4]

19. A three-day arbitration hearing was held on January 18-19 and February 1, 2023 before Mr. Scott D. Livingston, Esq. (the "Arbitrator").

## B. The Parties Define and Delimit the Claims Submitted to the Arbitrator

20. At the conclusion of the third day of hearings, the Arbitrator directed the parties to address two issues in connection with Scorza's request for attorneys' fees and costs: (i) the legal bases for that request; and (ii) the reasonableness of the amounts sought.

21. On February 2, 2023, the Arbitrator issued Scheduling Order #11 to establish a post-hearing submission schedule.[5]

---

[2] *See* Ex. 1 (Demand for Arbitration).

[3] *Id.*, Sections IV.A-E at 5-9.

[4] *Id.*, Section V at 9-10.

[5] *See* Ex. 2 (Scheduling Order #11).

22. Scheduling Order #11 also directed Scorza to file his "attorneys fee petition . . . on or before February 15, 2023."

23. On February 15, 2023, Scorza filed his "Application for Fees and Costs" (the "Fee Petition").[6]

24. Scorza's Fee Petition asserted one—and only one—legal basis for his request for fees and costs: the UTPCPL, a legal cause of action he had alleged in his Demand for Arbitration.[7]

25. Scorza did not cite any other law or cause of action in his Fee Petition as providing a legal basis for awarding his requested fees and costs.[8]

26. On March 3, 2023, the parties submitted their Post-Hearing Briefs.[9]

27. On March 6, 2023, the Arbitrator issued Scheduling Order #12, which confirmed receipt of the parties' Post-Hearing Briefs and declared, "the hearing is now closed for evidentiary purposes."[10]

---

[6] *See* Ex. 3 (Fee Petition).

[7] *Id.* at 1-2; Ex. 1 (Demand for Arbitration) Section IV.C at 6-8.

[8] *See* Ex. 3 (Fee Petition) at 1-2.

[9] *See* Ex. 4 (Scorza's Post-Hearing Brief); Ex. 5 (Davison's Post-Hearing Brief).

[10] *See* Ex. 6 (Scheduling Order #12).

28. At no time prior to the closing of the hearings did Scorza seek to amend his Demand for Arbitration to assert new claims not previously asserted. *See* AAA Commercial Arb. Rule R-6(b).[11]

29. As a result, Davison's Post-Hearing Brief addressed only those claims that Scorza had asserted in his Fee Petition and his Demand for Arbitration.[12]

30. Likewise, Davison's response to Scorza's Fee Request addressed only the UTPCPL because that was the sole legal basis Scorza identified in support of his request for attorneys' fees and costs.[13]

31. Davison's understanding of the limits of the claims Scorza had actually asserted and the limited legal grounds on which Scorza's Fee Request was based was confirmed by Scorza's Post-Hearing Brief.

32. Scorza's Post-Hearing Brief asserted (largely)[14] the same causes of action that he had asserted in his Demand for Arbitration: (i) breach of contract; (ii)

---

[11] Rule R-6(b) provides:

> Any new or different claim or counterclaim, as opposed to an increase or decrease in the amount of a pending claim or counterclaim, shall be made in writing and filed with the AAA, and a copy shall be provided to the other party, who shall have 14 calendar days from the date of such transmittal within which to file an answer to the proposed change of claim or counterclaim with the AAA. After the arbitrator is appointed, however, no new or different claim or counterclaim may be submitted except with the arbitrator's consent.

[12] Ex. 5 (Davison's Post-Hearing Brief) Section II at 8-24.

[13] *Id.*, Section I at 1-8.

[14] Ex. 5 (Scorza's Post-Hearing Brief), Sections IV-V at 15-25.
Davison says "largely" because Scorza did assert a claim for negligence in his Post-Hearing Brief even though he did not assert that claim in his Demand for Arbitration. *Compare* Ex. 1 (Demand for Arbitration) Sections IV.A-E at 5-9, *with* Ex. 5 (Scorza's Post-

common law fraud; (iii) fraud by concealment and non-disclosure/omission; (iv) negligent misrepresentation; (v) fraud in the inducement; (vi) common law negligence; and (vii) UTPCPL.

33. Significantly, Scorza's Post-Hearing Brief did not purport to assert claims under the American Inventor's Protection Act (the "AIPA") or the Texas Regulation of Invention Development Services Act (the "Texas Act").[15]

34. As of the close of the hearing, therefore, the issues submitted to the Arbitrator were limited to those set forth in the Fee Petition and the parties' respective Post-Hearing Briefs.

35. Nowhere in their post-hearing submissions did the parties submit to the Arbitrator or address the issue of Scorza's entitlement to relief, including but not limited to attorneys' fees and costs, under the AIPA, the Texas Act, or any other law under which Scorza had not asserted a claim.

36. Again, no party asserted a claim or sought relief, including but not limited to attorneys' fees and costs, under the AIPA or the Texas Act.

37. The parties' post-hearing submissions thus confirmed the parties' understandings of the claims that Scorza had and had not asserted; that Scorza had asserted one, and only one, legal basis for his Fee Petition (the UTPCPL); and that

---

Hearing Brief) Sections IV-V at 15-25. But that's irrelevant for present purposes because even had Scorza prevailed on his newly-asserted negligence claim, he would not have been entitled to attorneys' fees and costs; not even the Arbitrator purported to award fees and costs based on any purported negligence claim. *See* Ex. _ (Final Award) at 1.

[15] Ex. 5 (Scorza's Post-Hearing Brief) at 1 (Table of Contents), Sections IV-V at 15-25.

they intended to limit the Arbitrator's authority to decide only those issues submitted to him in their post-hearing submissions.

### C. The Arbitrator *Sua Sponte* Grants Relief on Claims Scorza Did Not Assert and the Parties Did Not Submit to the Arbitrator

38. On March 27, 2023, the Arbitrator issued the "Award of Arbitrator" (the "Final Award").[16]

39. The Final Award awarded to Scorza "reasonable attorney fees and costs pursuant to the [AIPA] and the Texas Invention Development Services Act in the amount of $199,024.05 . . . ."[17]

40. As confirmed by Scorza's Fee Petition and his Post-Hearing Brief, not even Scorza argued he had asserted a claim under the AIPA or the Texas Act, and he did not seek to recover fees and costs under either of them.

41. The Arbitrator had specifically requested the parties to address the legal bases for Scorza's Fee Petition.

42. In response, Scorza identified one—and only one—legal basis: the UTPCPL.

43. As a result, Davison addressed that one—and only one—legal basis for the Fee Request: the UTPCPL.

44. Prior to issuing the Final Award, the Arbitrator did not notify the parties of his intent to consider awarding fees and costs on a basis not raised or argued by the parties.

---

[16] *See* Ex. 7.

[17] *Id.*

45. The Arbitrator did not request supplemental briefing regarding the applicability of those laws, whether Scorza could prevail under those statutes, or whether Davison had affirmative defenses to any claim under those laws (including but not limited to the applicable statute of limitations).

46. Thus, Davison had no notice prior to the issuance of the Final Award that the AIPA or the Texas Act were at issue, and the Arbitrator deprived Davison of the opportunity to fully and fairly address any issues or defenses with respect to those laws, including but not limited to Scorza's entitlement to attorneys' fees and costs thereunder, in its submissions to the Arbitrator.

**ARGUMENT**

47. By awarding attorneys' fees and costs under the AIPA and the Texas Act], the Arbitrator "exceeded [his] powers," 9 U.S.C. § 10(a)(4), and "awarded upon a matter not submitted to [him]," *id.* § 11(b).

48. Accordingly, the Final Award should be partially vacated pursuant to 9 U.S.C. § 10(a)(4), and that portion of the Final Award granting attorneys' fees and costs under the AIPA and the Texas Act should be vacated.

49. Alternatively, the Final Award should be modified pursuant to 9 U.S.C. § 11(b) by striking that portion of the Final Award granting attorneys' fees and costs under the AIPA and the Texas Act.

### A. The Final Award Should Be Partially Vacated Under 9 U.S.C. § 10(a)(4)

50. Under 9 U.S.C. § 10(a)(4), the district court "wherein the award was made may make an order vacating the award upon the application of any party to the arbitration[] . . . where the arbitrator[] exceeded [his] powers . . . ."

51. "An arbitrator . . . subjects his award to judicial vacatur under § 10(a)(4)[] when he decides an issue not submitted to him. . . ." *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219-20 (3d Cir. 2012) (citations omitted), *aff'd*, 569 U.S. 564 (2013).

52. "The scope of an arbitrator's authority is limited to the issue[s] that the parties submit for him to decide." *Mobil Oil Corp. v. Indep. Oil Workers Union*, 679 F.2d 299, 302 (3d Cir. 1982).

53. "[A]n arbitrator may not venture beyond the bounds of his or her authority. As is often the case, the authority of the arbitrator is defined not simply by the [parties' contracts], but is determined in large measure by the parties' submissions. In such cases, then, it follows that an arbitrator has the authority to decide ***only*** the issues actually submitted." *Matteson v. Ryder Sys., Inc.*, 99 F.3d 108, 112-13 (3d Cir. 1996) (emphasis added) (citing, *inter alia*, *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 62 (3d Cir. 1986)).

54. "The parties' understanding of the scope of the arbitrator['s] authority is set forth in [their submissions] to the arbitration panel." *Sun Ship*, 785 F.2d at 62; *see also, e.g.*, *Emplys. Reins. Corp. v. Admiral Ins. Co.*, No. 90-3147, 1990 WL 169756, at *4 (D.N.J. Oct. 30, 1990) ("*Admiral*").

55. "As in contract law, the touchstone for interpreting a submission must be the intention of the parties. It is the parties, not the arbitrator, who decide the issues submitted[.] . . ." *Matteson*, 99 F.3d at 114 (internal citation omitted).

56. Section 10(a) is ultimately intended to ensure "the parties received a fair and honest hearing on a matter within the arbitrator['s] authority." *Sun Ship*, 785 F.2d at 59 (citation omitted).

57. So an arbitrator has a "duty to decide only those issues on which the[ arbitrator] ha[s] held a fair and honest hearing." *Admiral*, 1990 WL 169756, at *5.

58. It is clear here that the parties' intent and understanding was that Scorza's claims were limited to those set forth in the Demand for Arbitration, which was never amended to include additional claims; that the claims Scorza asserted did not include a claim under the AIPA or the Texas Act; and that Scorza's only request for attorneys' fees and costs was made under the UTPCPL.

59. It was Scorza's burden to identify and establish the legal basis on which his Fee Request could be granted. *See, e.g.*, *Canter's Deli Las Vegas, LLC v. FreedomPay, Inc.*, 460 F. Supp. 3d 560, 575 (E.D. Pa. 2020) (noting the party seeking fees had the "burden of establishing a legal basis on which an attorneys' fee award could be premised"); *E. Constr. & Elec., Inc. v. Universe Techs., Inc.*, No. 10-1238, 2011 WL 53185, at *6 n.3 (D.N.J. Jan. 6, 2011) (noting the party seeking fees "must provide the [c]ourt with a legal basis for awarding attorneys' fees . . .").

60. Scorza never asserted a claim under the AIPA or the Texas Act, as confirmed by his Fee Petition and Post-Hearing Brief.

61. As a result, Davison did not address the AIPA or the Texas Act in any of its submissions to the Arbitrator.

62. In response to the Arbitrator's specific request that Scorza identify the legal bases for his request for attorneys' fees and costs, he expressly limited that request to the UTPCPL.

63. As a result, Davison expressly limited its response to the Fee Petition to the UTPCPL.

64. Nonetheless, the Arbitrator, without notice to the parties or affording them an opportunity to address the issue, unilaterally awarded Scorza attorneys' fees and costs under the AIPA and the Texas Act, despite Scorza never having asserted a claim under either of those statutes, never having cited those laws in support of his Fee Request or in his Post-Hearing Brief, and explicitly limiting his Fee Request to the UTPCPL.

65. Courts have rejected ***a party's*** attempt to raise new claims and theories at or after an arbitration hearing, noting that the AAA's Commercial Rules, similar to Federal Rule of Civil Procedure 15, require a party to seek to amend his/her claim to assert new claims ***in advance of the hearing*** so that his/her opponent has a full and fair opportunity to address those new claims and is provided the fair and honest hearing mandated by law. *See, e.g.*, *Skjellerup v. Toll Bros., Inc.*, No. 05-80406, 2005 WL 8156060, at *4-6 (S.D. Fla. Oct. 18, 2005).

66. In private arbitrations, "[t]he purpose of the statement of claim is to provide the defendant with fair notice of the claims that the arbitration will cover. If

plaintiffs could freely raise new claims and theories at trial, filing a statement of claim would be a useless exercise." *Id.* at *6.

67. Here, the Arbitrator acted independently and, without notice to the parties, effectively asserted on Scorza's behalf entirely new claims and theories under the AIPA and the Texas Act, and their respective fee-shifting provisions, after the hearing had closed, despite that Scorza had never sought to amend his statement of claims to include causes of action under those laws.

68. Again, Scorza did not argue in his Fee Petition or Post-Hearing Brief that he had asserted a claim, or that he was entitled to attorneys' fees and costs, under the two statutes the Arbitrator independently relied upon in awarding fees and costs.

69. The Arbitrator's award of attorneys' fees and costs was the antithesis of "the truth-seeking function of our adversarial system of justice" under which "[a]t a bare minimum, even i[n] this age of notice pleading, a defendant must be afforded both adequate notice of any claims asserted against him and a meaningful opportunity to mount a defense." *Id.* at *5 (quoting *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)).

70. As the Third Circuit has made clear, "[i]t is the parties, ***not the arbitrator***, who decide the issues submitted[.] . . ." *Matteson*, 99 F.3d at 114 (emphasis added).

71. The Arbitrator ventured beyond the bounds of his authority, as determined by the parties' own submissions, and "effectively dispense[d] with his

own brand of industrial justice," which "exceed[ed] his powers and [rendered] his award . . . unenforceable." *Sutter*, 675 F.3d at 220; *see also Matteson*, 99 F.3d at 114-15; *Sun Ship*, 785 F.2d at 62; *Mobil Oil*, 679 F.2d at 302; *Skjellerup*, 2005 WL 8156060, at *5-6; *Admiral*, 1990 WL 169756, at *4-8, 11.

72. Partial vacation of an award is permitted under Section 10(a)(4). *See, e.g.*, *Admiral*, 1990 WL 169756, at *11-12; *Lumber Liquidators, Inc. v. Sullivan*, No. 10-11890, 2011 WL 5884252, at *8 (D. Mass. 2011) (collecting cases).

73. Davison is not challenging the remainder of the Final Award because of the generally deferential standard of review courts apply to the merits of private arbitral awards. *See, e.g.*, *Matteson*, 99 F.3d at 114-15.

74. But even under that deferential standard, the Final Award must be partially vacated because the Arbitrator exceeded his powers by venturing beyond his authority in awarding Scorza attorneys' fees and costs. *See, e.g.*, *id.*

75. The same considerations that led the court in *Admiral* to partially vacate the award in that case counsel in favor of partial vacation here: the arbitration has been pending since July 2021, the parties participated in three days of hearings, the defect in the Final Award is a legal issue that does not affect the remainder of the relief granted in the Final Award, so "a vacatur of the proceedings [in toto] would be a tremendous waste of time and resources." *Admiral*, 1990 WL 169756, at *11.

76. Accordingly, the Final Award should be partially vacated by striking that portion of the Final Award granting attorneys' fees and costs to Scorza.

**B. The Final Award Should Be Modified Under 9 U.S.C. § 11(b)**

77. Alternatively, the Final Award should be modified under 9 U.S.C. § 11(b) by striking that portion of the Final Award granting attorneys' fees and costs.

78. Under 9 U.S.C. § 11(b), the district court "wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration[] . . . [w]here the arbitrator[] ha[s] awarded upon a matter not submitted to [him] . . . ."

79. For the same reasons set forth above in Argument Part A, and if the Court denies Davison's request for partial vacatur of the Final Award, the Final Award should be modified because the Arbitrator awarded Scorza attorneys' fees and costs under the AIPA and the Texas Act, but that matter was not submitted to the Arbitrator.

80. The Final Award should be modified by striking that portion of the Final Award granting attorneys' fees and costs to Scorza.

Respectfully submitted,

BARRON LAW OFFICE LLC

Date: April 19, 2023 By: *<u>/s/ Justin T. Barron</u>*

Justin T. Barron (PA I.D. No. 200394)
P.O. Box 493
Valencia, PA 16059
(412) 334-6312
jbarron@justinbarronlaw.com