IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVISON DESIGN & DEVELOPMENT, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 2:23-cv-00644-MJH |
| v. | ) ) | Honorable Marilyn J. Horan |
| MARIO SCORZA, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO ORDER
SERVICE BY U.S. MARSHALS SERVICE**

Plaintiff Davison Design & Development, Inc. ("Davison") files this Motion to Order Service by the U.S. Marshals Service pursuant to 9 U.S.C. § 12.

1. On April 19, 2023, Davison initiated this case by filing a Motion to Vacate or Modify Arbitration Award (the "Motion to Vacate") pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16.

2. Under 9 U.S.C. § 12, entitled "Notice of motions to vacate or modify; service; stay of proceedings," "[n]otice of a motion to vacate, modify, or correct an [arbitration] award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."

3. Section 12 further provides: "If the adverse party shall be a non-resident [of the district within which the award was made,] then the notice of the application ***shall*** be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court" (emphasis added).

4. The underlying arbitration award was made in Pittsburgh, Pennsylvania, so it was made in this District. *See* ECF No. 1 (Complaint) ¶ 14.

5. Defendant Mario Scorza ("Scorza"), the claimant in the underlying arbitration, resides in Waco, Texas, which is located in the Western District of Texas, so he is a "non-resident" of this District under 9 U.S.C. § 12. *See id.* ¶ 12.

6. Accordingly, notice of Davison's Motion "shall be served by the marshal of any district within which [Scorza] may be found in like manner as other process of the court." *See* 9 U.S.C. § 12.

7. Courts have held that given the mandatory language in FAA Section 12, service of a motion to vacate or modify under the FAA is not subject to the typical service procedures set forth in Federal Rule of Civil Procedure 4, and such service ***must*** be made by the U.S. Marshals Service. *See, e.g.*, *Red Spark, LP v. Saut Media, Inc.*, No. 2:21-cv-00171-JDW, 2021 WL 1061205 (E.D. Pa. Mar. 19, 2021); *Broome v. Am. Family Life Assur. Co.*, No. 19-1967, 2020 WL 4673830 (D. Del. Aug. 12, 2020); *Logan & Kanawha Coal Co. v. Detherage Coal Sales, LLC*, 789 F. Supp. 2d 716 (S.D. W. Va. 2011).[1]

8. Under Federal Rule of Civil Procedure 4.1(a), "[p]rocess—other than a summons under Rule 4 . . .—must be served by a United States marshal . . . [and]

---

[1] Copies of these decisions are attached hereto as Exhibits 1-3, respectively.
*Red Spark* and *Logan & Kanawha* addressed motions to confirm arbitral awards, which are governed by 9 U.S.C. § 9. But as *Broome* makes clear, the relevant statutory language mandating service by marshal is the same in both Sections 9 and 12, with the only relevant difference between the two provisions being timing. *See Broome*, 2020 WL 4673830, at *3-4 & n.3.

2

may be served anywhere within the territorial limits of the state where the district court is located and, ***if authorized by a federal statute***, beyond those limits." Fed. R. Civ. P. 4.1(a) (emphasis added); *see Red Spark*, 2021 WL 1061205, at *3; *Logan & Kanawha*, 789 F. Supp. 2d at 722.

9. "Thus, service on a nonresident, as authorized by Section [12], is proper and should be effected by the U.S. Marshals Service." *Logan & Kanawha*, 789 F. Supp. 2d at 722 (footnote omitted); *see Red Spark*, 2021 WL 1061205, at *3 ("Section [12]'s authorization to marshals to serve a nonresident adversary in any district where that adverse party may be found is consistent with these provisions in the Federal Rules of Civil Procedure.").

10. The Marshals Service indicated that it requires an Order from this Court to effectuate service of the Motion to Vacate.

11. Davison therefore respectfully requests that the Court direct the Marshals Service to serve the Motion to Vacate on Scorza in any district where he may be found. *See* 9 U.S.C. § 12; *Logan & Kanawha*, 789 F. Supp. 2d at 722; *see Red Spark*, 2021 WL 1061205, at *3 and Order.

WHEREFORE, Plaintiff Davison Design & Development, Inc. respectfully requests that the Court grant this Motion and enter an order substantially in the form attached hereto.

Respectfully submitted,

BARRON LAW OFFICE LLC

Date: April 21, 2023    By:    */s/ Justin T. Barron*
Justin T. Barron (PA I.D. No. 200394)
P.O. Box 493
Valencia, PA 16059
(412) 334-6312
jbarron@justinbarronlaw.com