IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVISON DESIGN & DEVELOPMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:23-cv-00644-MJH |
| | ) | |
| v. | ) | Honorable Marilyn J. Horan |
| | ) | |
| MARIO SCORZA, | ) | |
| | ) | |
| Defendant. | ) | |

**Exhibit 1**

2021 WL 1061205
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.

RED SPARK, LP, Petitioner,

v.

SAUT MEDIA, INC., Respondent.

Case No. 2:21-cv-00171-JDW
|
Signed 03/19/2021

**Attorneys and Law Firms**

Albert J. Brooks, Jr., Andrew Moore & Associates, Abington, PA, for Petitioner.

**MEMORANDUM**

JOSHUA D. WOLSON, J.

**\*1** The passage of time, and evolving approaches to the law, can render some statutes out-of-date. But courts must enforce the laws as they are written, even when doing so requires an outdated approach. This motion presents one such example. The Federal Arbitration Act requires the United States Marshals Service to serve a petition to confirm an arbitration award against a nonresident adversary. The statute predates changes to the Federal Rules of Civil Procedure, which shift the burden of service of process from USMS to private parties. The approach in the Rules might make more sense than the approach in the FAA. But the Court does not get to choose which statutes to enforce. Though the Court would prefer to excuse USMS from serving process here, the FAA compels the Court to grant Petitioner's motion and order USMS to serve the petition in this case.

**I. BACKGROUND**
On January 14, 2021, Red Spark, LP filed a petition with the Court pursuant to Section 9 of the FAA, seeking an order confirming an arbitration award from the American Arbitration Association and entering judgment against Saut Media, Inc. The certificate of service attached to the Petition indicates that Red Spark mailed the Petition to Saut Media. Because Saut Media appears to be located in California, the Court ordered Red Spark to make service upon Saut Media

in accordance with Section 9. That statute provides that when the adverse party is a nonresident, the adverse party must "be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." 9 U.S.C. § 9.

Red Spark has not obtained a waiver of service from Saut Media, and USMS has advised that it requires an Order of Court before it will serve the Petition. Thus, Red Spark has filed the present Petition to Allow for Service by US Marshal to effectuate service on Saut Media as the FAA requires.

**II. DISCUSSION**
Before February 26, 1983, USMS was responsible for service of process in federal court cases. Then, Congress amended Federal Rule of Civil Procedure 4 to relieve USMS of the burdens of serving as process-server in all civil actions. Since then, USMS has been out of the summons-serving business, aside from a few unique circumstances. *See Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure,* 96 F.R.D. 81, 109 (1983). This case is one of those instances.

Under the FAA, a party seeking to confirm an arbitration award must serve notice of its application on the adverse party. *See* 9 U.S.C. § 9. Where "the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." *Id.* (emphasis added). Unfortunately, "[t]here is scant case law interpreting the FAA's § 9 service requirement[.]" *LG Elecs. MobileComm U.S.A., Inc. v. Reliance Commc'ns, LLC,* No. 18-cv-250, 2018 WL 2059559, at \*2 (S.D. Cal. May 3, 2018) (quotation omitted). The Third Circuit's pronouncement (in a non-precedential opinion) that "[s]ervice of a motion to confirm the arbitration award by a U.S. Marshal is unnecessary where a party is already before the court" has no application here because Saut Media is not before the Court. *Greenwich Ins. Co. v. Goff Grp., Inc.,* 159 F. App'x 409, 411 (3d Cir. 2005). And the Third Circuit has not ruled in a factually analogous case on whether Section 9 requires USMS to effect service. Thus, the Court must turn to canons of statutory construction to resolve Red Spark's petition for service.

**\*2** In interpreting a statute, the Court's task is "to give effect to the intent of Congress[.]" *United States v. Savage,* 970 F.3d 217, 251 (3d Cir. 2020) (quoting *United States v. Am. Trucking Ass'ns,* 310 U.S. 534, 542 (1940)). The first step is to look

at the language of the statute itself. *See In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010) ("It is the cardinal canon of statutory interpretation that a court must begin with the statutory language."). "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.' " *Id.* (quoting *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992)). Section 9 of the FAA mandates that "the notice of the application **shall** be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." 9 U.S.C. § 9 (emphasis added). By using the word "shall," Congress intended that service by USMS would be mandatory in post-arbitration proceedings involving nonresident respondents. *See Geisinger Cmty. Med. Ctr. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 794 F.3d 383, 394 (3d Cir. 2015) ("[T]he word shall is ordinarily the language of command.") (quoting *Alabama v. Bozeman*, 533 U.S. 146, 153 (2001)).

In addition, the statute specifies only one method of service: "by the marshal." The statute's reference to service "in like manner as other process of the court" does not offer an alternative method of service. It modifies the phrase "served by the marshal." The words of the statute make that clear. When Congress adopted the FAA, "manner" meant "a mode of procedure; the mode or method in which something is done or in which anything happens[.]" *See Webster's New International Dictionary of the English Language* 1497 (2d ed. 1937). Thus, giving the term its ordinary meaning, the phrase "like manner" means how process gets served, not who serves it. If Congress intended for the phrase "like manner as other process of the court" to provide an alternate route to service by the marshal, it would have used the conjunction "or" to permit service by the marshal or in like manner as other process of court. The Court cannot construe the phrase to permit an alternate method of service without "essentially render[ing] meaningless the reference to the marshal." *PTA-FLA, Inc. v. ZTE USA, Inc.*, No. 11-cv-510, 2015 WL 12819186, at *7 (M.D. Fla. Aug. 5, 2015), *aff'd*, 844 F.3d 1299 (11th Cir. 2016). The Court will not adopt such a construction because it must interpret Section 9 in a way that gives effect to all of its words. Nor can the Court rewrite the statute to conform to modern expectations. *See Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1738 (2020) ("If judges could add to, remodel, update, or detract from old statutory terms inspired only by extratextual sources and our own imaginations, we would risk amending statutes outside the legislative process reserved for the people's representatives.").

At least one Court of Appeals has held that the phrase "like manner as other process of the court" refers to Rule 4. *See Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1277 (2d Cir. 1971); *see also Puerto Rico Tel. Co. v. U.S. Phone Mfg. Corp.*, 427 F.3d 21, 25 n.2 (1st Cir. 2005), *abrogated on other grounds by*, *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008). As a result, some district courts have permitted parties to make service under Federal Rule of Civil Procedure 4 rather than enlist USMS, reasoning that Section 9's requirement of service by marshal "is 'an anachronism' under the current Federal Rules of Civil Procedure." *PTA-FLA*, 2015 WL 12819186 at *7 (collecting cases). But, while requiring USMS to serve a petition might be anachronistic, courts may not "favor contemporaneous or later practices *instead of* the laws Congress passed." *McGirt v. Okla.*, 140 S. Ct. 2452, 2568 (2020) (original emphasis).

**\*3** The Court must give effect to Section 9, rather than Rule 4, because Section 9 specifically governs service of petitions to confirm an arbitration award, whereas Rule 4 deals with service of process generally. "[W]hen two statutes cover the same situation, the more specific statute takes precedence over the more general one." *Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir. 2001) (citations omitted). Pursuant to this "well-established canon of statutory construction," *id.*, the more specific statute governing service, Section 9 of the FAA, takes precedence over Federal Rule of Civil Procedure 4. Indeed, pursuant to Federal Rule of Civil Procedure 81, the Rules yield to the "other procedures" set forth in the FAA. *See* Fed. R. Civ. P. 81(a)(6)(B).

Finally, although some courts have suggested that Rule 4 repealed Section 9 by implication, the Court disagrees because it can harmonize Section 9 and Rule 4. Although there is some tension between the two, they are not inconsistent. Rule 4 authorizes a court to order USMS to serve process. *See* Fed. R. Civ. P. 4(c)(3). Rule 4.1(a) authorizes USMS to serve process other than a summons or a subpoena "anywhere within the territorial limits of the state where the district court is located and, *if authorized by a federal statute*, beyond those limits." Fed. R. Civ. P. 4.1(a) (emphasis added). Section 9's authorization to marshals to serve a nonresident adversary in any district where that adverse party may be found is consistent with these provisions in the Federal Rules of Civil Procedure.

Because the Court can reconcile Section 9 and Rule 4, there is no indication that Congress repealed Section 9 by

implication. *See Morton v. Mancari,* 417 U.S. 535, 550 (1974) ("In the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable.") (citation omitted). "Repeals by implication are not favored," *Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437, 442 (1987), and the Court has not discerned any affirmative intention by Congress to repeal Section 9's service requirement. On the contrary, Congress has amended Federal Rule of Civil Procedure 81 numerous times since the passage of Section 9 of the FAA (most recently in 2009) and has not elevated the Federal Rules to something more than a gap-filler for purposes of arbitration proceedings governed by the FAA. This further confirms that Congress has not repealed Section 9's special procedures for service. "[A]bsent a clearly expressed congressional intention to the contrary," it is the Court's duty to regard each statute as effective. *Traynor v. Turnage,* 485 U.S. 535, 548 (1988). The Court's decision to grant Red Spark's petition for service by USMS does just that.

### III. CONCLUSION

The Court must remain faithful to the FAA's clear and unambiguous language. It will direct USMS to serve Red Spark's post-arbitration petition in this case. There is no basis for the Court to allow anything different. An appropriate Order follows.

### All Citations

Slip Copy, 2021 WL 1061205

---

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RED SPARK, LP**, | |
| *Petitioner*, | |
| v. | **Case No. 2:21-cv-00171-JDW** |
| **SAUT MEDIA, INC.**, | |
| *Respondent*. | |

## ORDER

**AND NOW**, this 19th day of March, 2021, upon consideration of Petitioner Red Spark LP's Petition to Allow for Service by US Marshal (ECF No. 6), and for the reasons set forth in the accompanying Memorandum, it is **ORDERED** that the Petition is **GRANTED**. Pursuant to 9 U.S.C. § 9, the United States Marshals Service shall serve Petitioner's Petition to Confirm Arbitration Award and Enter Judgment (ECF No. 1) on Respondent Saut Media, Inc. in any district where Saut Media may be found.

It is **FURTHER ORDERED** that Petitioner shall complete Form USM-285 and take all necessary steps, including prepayment of the estimated fees and expenses for service, to facilitate service on Respondent by the United States Marshals Service, including delivering a copy of this Order to the United States Marshal for the Eastern District of Pennsylvania. Petitioner shall file a proof of service on the docket in this matter once service has been made.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.