IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVISON DESIGN & DEVELOPMENT, INC., | ) ) ) |
| Plaintiff, | ) No. 2:23-cv-00644-MJH ) |
| v. | ) Honorable Marilyn J. Horan ) |
| MARIO SCORZA, | ) ) |
| Defendant. | ) |

## MOTION TO STAY DISCOVERY AND PRETRIAL DEADLINES AND TO SET A BRIEFING SCHEDULE

Plaintiff Davison Design & Development, Inc. ("Davison") files this Motion to Stay Discovery and Pretrial Deadlines and to Set a Briefing Schedule.

1. On April 19, 2023, Davison initiated this case by filing a Motion to Vacate or Modify Arbitration Award (the "Motion to Vacate") pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. ECF No. 1.

2. On June 28, 2023, Scorza filed an Answer. ECF No. 8.

3. On June 29, 2023, the Court issued an Order Setting Initial Case Management Conference (the "Order"). ECF No. 10.

4. The Order directed the parties to, among other things, comply with Federal Rule of Civil Procedure 26 regarding discovery and Local Rules 16.1-16.2 regarding pretrial procedures and alternative dispute resolution, respectively, and to file a Rule 26(f) Report and ADR Stipulation by July 17, 2023.

5. Because of the unique summary procedures that apply to this FAA action seeking to vacate an arbitral award, Davison respectfully requests that

generally applicable discovery and pretrial deadlines, including those set forth in the Order, be stayed pending resolution of the Motion to Vacate.

6. FAA motions to "vacate arbitration awards are 'summary proceedings' that 'do not require the district court to carry on a formal judicial proceeding[.]'" *CPR Mgmt., S.A. v. Devon Park Bio-ventures*, 19 F.4th 236, 244 (3d Cir. 2021) (quoting *Teamsters Local 77 v. United Parcel Serv.*, 966 F.3d 245, 255 (3d Cir. 2020)); *see* 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."); *PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 313 (3d Cir. 2021) (concluding that FAA motions to vacate "result in summary proceedings, which are shorn of certain formalities, such as pleadings").

7. "[T]he summary proceedings that result from an FAA motion to . . . vacate an arbitration award are not intended to involve complex factual determinations, other than a determination of the limited statutory . . . grounds for refusal to confirm." *PG Publ'g*, 19 F.4th at 314 (cleaned up).

8. "[A]n FAA proceeding to vacate an arbitration award should [not] develop into full scale litigation, with the attendant discovery, motions, and perhaps trial." *Id.* (quoting *O.R. Secs. v. Pro Planning Ass'n*, 857 F.2d 742, 745 (11th Cir. 1988)).

9. "The FAA's summary proceedings are inconsistent with the pretrial orders and case management conferences contemplated by Rule 16. Most discovery

under Rule 26 is [also] unavailable." *Indep. Lab. Emps.' Union, Inc. v. ExxonMobil Res. & Eng'g Co.*, No. 3:18-cv-10835, 2019 WL 3416897, at *7 (D.N.J. July 29, 2019) (internal citations omitted); *see also, e.g.*, *CPR Mgmt.*, 19 F.4th at 243 n.5 (citing cases for the proposition that certain Federal Rules, including Rules 12 and 16, "do not apply in proceedings to . . . vacate an arbitration award"); *Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1257-58 (7th Cir. 1992) (holding Federal Rule 16 does not apply to an FAA motion to vacate), cited favorably in *CPR Mgmt.*, 19 F.4th at 243 n.5, and *PG Publ'g*, 19 F.4th at 312-13; *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 932 (11th Cir. 1990) ("To effectuate the purpose of speedy resolution of disputes, the [FAA] allows arbitration to proceed with only a summary hearing and with restricted inquiry into factual issues. . . . Moreover, the district court need not conduct a full hearing on a motion to vacate or confirm; such motions may be decided on the papers without oral testimony.") (internal citations omitted).

10. The underlying arbitration proceeding was commenced in July 2021 and concluded in March 2023,[1] a nearly two-year period during which the parties engaged in discovery, convened a day-long mediation session, held 3 days of evidentiary hearings, and submitted post-hearing briefs in support of and in opposition to each other's claims and defenses.[2]

---

[1] *See* Motion to Vacate, ECF No. 1, ¶ 16; Answer, ECF No. 8, ¶ 16; Award of Arbitrator, ECF No. 1-8.

[2] The parties' post-hearing filings are attached to Davison's Motion to Vacate at ECF Nos. 1-4 through 1-6.

3

11.     With this litigation history, the parties have already had their day in court, and there is no need to apply the "full scale litigation" procedures that would apply if this case had been initiated by a complaint raising claims and defenses not already arbitrated. *See, e.g.*, *CPR Mgmt.*, 19 F.4th at 244 (noting the summary proceedings contemplated by an FAA motion to vacate "further[] the FAA's national policy favoring arbitration with just the limited review needed to maintain arbitration's essential value of resolving disputes straightaway'") (cleaned up).

12.     In short, this case is not the usual civil case that would prompt the typical litigation procedures like discovery under Federal Rule of Civil Procedure 26 and pretrial conferences pursuant Federal Rule 16, and it would be most efficient and consistent with the FAA to stay the usual pretrial procedures, including those reflected in the Order. *See, e.g.*, *Freeman v. Citibank, N.A.*, No. 3:14-cv-67, 2015 WL 13777266, at *1 n.2 (N.D. Ga. Jan. 20, 2015) (granting similar motion in which party to an FAA action seeking to vacate an arbitral award sought "a stay of their obligation to serve initial disclosures, participate in a Rule 26(f) Conference, and prepare and file a report of that conference and a proposed discovery plan" pending resolution of the motion to vacate).

13.     Instead, Davison respectfully requests that the Court stay the discovery and pretrial deadlines, including those set forth in the Order, and issue a briefing schedule so that the parties can fully brief Davison's Motion to Vacate and the Court can decide that Motion on the papers. *See Booth*, 902 F.2d at 932; *McLaurin v. Terminix Int'l Co.*, 13 F.4th 1232 (11th Cir. 2021) (recommending that

district courts issue a briefing schedule in response to motions to confirm or to vacate arbitral awards); *EGR Assocs., Inc. v. Plastic Distrib. Corp.*, No. 94-MC-91, 1994 WL 268254 (E.D. Pa. June 15, 1994) (issuing briefing schedule in response to an FAA motion).

14. Davison has discussed this Motion with counsel for Scorza, as shown in the email chain attached hereto as Exhibit 1, with counsel for Scorza stating on July 7 that they "agree that discovery is not needed and that a motion to stay discovery is appropriate." *See* Ex. 1, July 7, 2023 email from Mr. Stacey Barnes.

WHEREFORE, Plaintiff Davison Design & Development, Inc. respectfully requests that the Court grant this Motion and enter an order substantially in the form attached to this Motion.

        Respectfully submitted,

        BARRON LAW OFFICE LLC

Date: July 14, 2023    By:    */s/ Justin T. Barron*
        Justin T. Barron (PA I.D. No. 200394)
        P.O. Box 493
        Valencia, PA 16059
        (412) 334-6312
        jbarron@justinbarronlaw.com