**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVISON DESIGN &** | ) | |
| **DEVELOPMENT, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Ca No. 2:23-cv-644** |
| | ) | |
| **MARIO SCORZA** | ) | |
| | ) | |
| **Defendant** | ) | |

**DEFENDANT, MARIO SCORZA'S**
**MOTION TO CONFIRM ARBITRATION AWARD AND**
**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE AWARD**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Mario Scorza ("Scorza") in the above styled and numbered cause of action, and files this, his Motion to Confirm Arbitration Award and Response in Opposition to Motion to Vacate Award, and, in support of same, would respectfully show the Court the following:

**I**

**FACTUAL BACKGROUND**

1.     This action arises out of an arbitration proceeding (the "Arbitration"), in which Scorza prevailed against Plaintiff, Davison Design & Development, Inc. ("Davison"), and was awarded damages of $20,042.25 and attorney's fees in the amount of $199,024.05.   *See* Exhibit 1, Arbitration Award (the "Award").   The Arbitration was conducted according to the arbitration clause contained in one of Davison's standard contracts of adhesion, drafted by Davison. See Exhibit 2, Davison Pre-Development and Representation Agreement.   Upon losing the arbitration proceeding, Davison sought to vacate the Award, or alternately sought this Court to modify the Award, by removing all attorney's fees awarded.

1

2.      However, this is not the first time that Davison has sought to vacate an unfavorable arbitration award, arising out of its own arbitration clause.  Davison previously litigated the exact issue at bar in this proceeding in *Frison,* in this District Court.  *Davison Design & Dev., Inc. v. Frison*, 2018 WL 6324996, 2:17-cv-01468 (W.D. Pa. Dec. 4, 2018).[1]  In *Frison*, Davison lost an arbitration award.  The plaintiff was awarded damages and attorney's fees by the arbitrator.  Davison sought to vacate the award of attorney's fees, arguing that the arbitrator exceeded his powers in awarding same.  Davison was unsuccessful.  *Id.*  The decision was reviewed in the Court of Appeals.  Predictably, the Court of Appeals declined to overturn the judgment of the district court.  *Davison Design & Dev., Inc. v. Frison*, 815 Fed.Appx. 659 (3rd Cir. 2020).  Ignoring the dictates of legal precedence and common sense, Davison is once again asking this District Court to vacate an adverse arbitration award, second guess the arbitrator, and remove the award of attorney's fees from the Arbitration Award.  Davison's actions are made in bad faith, vexatiously, wantonly, and for oppressive reasons.

3.      Scorza invented a folding travel scale, a device that has since, subsequent to the destruction of Scorza's patent rights, seen success in the retail market. Davison made a number of problematic representations to Scorza, including his reasonably good chance of realizing financial gain, their own track record, that many products they produced became profitable, that Davison had special access to manufacturing and consumer companies, their close working relationships to such companies, the necessity of their services, and its ability to prepare objective and expert analyses of the marketability of products.  Exhibit 6, Scorza Pre-Hearing Brief, p. 1-13; Exhibit 7, Scorza Post-Hearing Brief, p. 3-6, 12-14, 17-18; *see also* Exhibit 5, *FTC* Findings of Fact & Conclusions of Law, p. 8-9.

---

[1] The district court's opinion in *Frison* is attached hereto as Exhibit 10.

4.      However, through a series of astounding incidents of incompetence, Davison managed to twice file flawed patent applications for Scorza, fail to attach supporting documents, fail to pay the correct fee to the Patent and Trademark Office ("USPTO"), as required by contract, disclose the unprotected invention, and eventually destroy any ability for Scorza to obtain any patent rights whatsoever, rights which prior to Davison's missteps could have been readily obtained. *See* Exhibit 3, McBride Expert Report; Exhibit 6, Scorza Pre-Hearing Brief, p. 2-8; Exhibit 7, Scorza Post-Hearing Brief, p. 2-7. Due to Davison's failure to perform under its own contract, Scorza began receiving notices from the USPTO. Scorza forwarded the notices to Davison, pleading for information and assistance.[2] Davison ignored Scorza, except to demand more money from him. Exhibit 6, Scorza Pre-Hearing Brief, p. 3-8; Exhibit 9, Correspondence to Rifkin ("For: Larry Rifkin What is this???" p. 7).

5.      Scorza submitted expert testimony regarding causation on the loss of his patent rights and substantial damages. Exhibit 3, McBride Expert Report; Exhibit 4, Lehrer Expert Report.[3]

6.      Testimony was presented that Davison is no stranger to misleading and deceiving its customers, as evidenced in a Federal Trade Commission action resulting in a $26 million judgment against Davison. *See FTC. v. Davison Associates, Inc.*, 431 F. Supp. 2d 548 (W.D. Pa. 2006); Exhibit 5, *FTC* Findings of Fact and Conclusions of Law. Scorza's representative at the Arbitration vigorously disputed that any of the complained of acts were fraudulent, asserting that the judge in the FTC case was "dead wrong." Exhibit 7, Scorza Post-Hearing Brief, p. 6. Scorza further testified that Davison representatives made similar representations to him as they had been found to constitute fraud in the *FTC* action, simply changing the names of some of their

---

[2] It is worth pondering that, at one point, Davison could have saved Scorza's patent application by merely forwarding a check for $5.00 to the USPTO, the amount of the shortfall existing due to Davison's error in cutting a check to the USPTO. Davison simply ignored Scorza. *See* Exhibit 7, Scorza Post-Hearing Brief, p. 3, 23-24.

[3] Davison may argue that the Lehrer Report was not entered into evidence. However, it was filed in the Arbitration Proceeding. Furthermore, Lehrer's testimony summarized his conclusion in the report establishing the value of Scorza's patent in the $2.5 to 4.1 million range. Exhibit 4, Lehrer Expert Report, p. 76-90.

"products," reports and enticements that they peddle to their customers. Exhibit 5, *FTC* Findings of Fact and Conclusions of Law; Exhibit 7, Scorza Post-Hearing Brief, p. 6-8. Finally, it was revealed that a laughable 0.001% of Davison's income is actually derived from royalties paid on licenses through successful inventors. Conversely, 99.999% of Davison's income is derived from fleecing consumers via fruitless consumer enticements and wholly one-sided consumer contracts. Virtually none of Davison's inventors make money. Davison gets rich off fleecing its investors for contract fees. Exhibit 6, Scorza Pre-Hearing Brief, p. 6.

7.      Upon receiving an adverse award and being ordered to pay the awarded sum within twenty days, Davison simply refused to pay Scorza and sought to vacate the Arbitration Award. *See* Exhibit 1, Award. Davison refused to even pay the amount of the Award which it does not dispute.

## II
## STANDARD

8.      Petitions to confirm or vacate arbitration awards are "'summary proceeding[s]' that 'do[ ] not [require] the district court to carry on a formal judicial proceeding,' *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 255 (3d Cir. 2020), and furthers the FAA's 'national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway.'" *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 244 (3d Cir. 2021)(quotes and brackets in original), *citing Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 588, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008) ; *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 933 (11th Cir. 1990) ("To allow a respondent to assert counterclaims that are beyond the scope of the defenses enumerated in the [FAA] would change the nature of the confirmation proceedings and would defeat the purpose of the [FAA]."); *Ottley v.*

*Schwartzberg*, 819 F.2d 373, 377 (2d Cir. 1987) ("Actions to confirm arbitration awards ... are straightforward proceedings in which no other claims are to be adjudicated.").

9.      Because of "the strong federal policy in favor of commercial arbitration, [district courts] begin with the presumption that the award is enforceable" and enforce the award "absent a reason to doubt the authority or integrity of the arbitral forum." *CPR Mgmt.*, 19 F.4th at 244, n.8; *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012), *as amended* (Apr. 4, 2012), *aff'd*, 569 U.S. 564, 133 S.Ct. 2064, 186 L.Ed.2d 113 (2013). "The *sine qua non* of judicial review of an arbitration award is a heavy degree of deference to the arbitrator." *Akers Nat'l Roll Co. v. United Steel*, 712 F.3d 155, 164–65 (3d Cir. 2013). "Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569, 133 S.Ct. 2064, 2068, 186 L. Ed. 2d 113 (2013), *citing Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000); *Paperworkers v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987); *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

10.     Therefore, so long as the decision of the Arbitrator has *any* conceivable, rational underpinning, the decision of the Arbitrator must stand. *See Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account,* 618 F.3d 277, 295–96 (3rd Cir.2010) (citing *Mut. Fire, Marine & Inland Ins. Co. v. Norad Reins. Co.,* 868 F.2d 52, 56 (3rd Cir.1989); *see also Robbins v. Day*, 954 F.2d 679, 684 (11th Cir. 1992) (*Robbins* stating "[T]he party seeking to vacate the arbitration award has the burden of refuting "every rational basis upon which the arbitrator could have relied."); *see also CPR Mgmt., S.A. v. Devon Park Bioventures,*

*L.P.*, 19 F.4th 236, 246 (3ʳᵈ Cir. 2021); *see also Bayside Construction LLC v. Smith*, No. 21-2716, 2022 WL 2593303 (3ʳᵈ Cir. July 8, 2022). To rule otherwise defies settled law, brings into question the authority of the Arbitrator, and goes against established public policy and settled law, thereby opening the door for every unhappy and disgruntled party to plea to the courts for vacatur whenever they lose an arbitration.

11.     Davison provides an intentionally incomplete, truncated, and misleading recitation of the criteria for judicial vacatur under *Sutter v. Oxford Health Plans LLC* where the motion to vacate was denied by the District Court, the decision was affirmed by the Third Circuit, and upheld by the United States Supreme Court.   Plaintiff misstates the standard by inserting ellipses.   A complete recitation of the citation is as follows:

> "An arbitrator oversteps these limits, and subjects his award to judicial vacatur under § 10(a)(4), when he decides an issue not submitted to him, grants relief in a form that cannot be rationally derived from the parties' agreement and submissions, or issues an award that is so completely irrational that it lacks support altogether. *Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account,* 618 F.3d 277, 295–96 (3d Cir.2010) (citing *Mut. Fire, Marine & Inland Ins. Co. v. Norad Reins. Co.,* 868 F.2d 52, 56 (3d Cir.1989)). In other words, the task of an arbitrator is to interpret and enforce a contract. When he makes a good faith attempt to do so, even serious errors of law or fact will not subject his award to vacatur. *See Brentwood Med. Assocs. v. United Mine Workers of Am.,* 396 F.3d 237, 243 (3d Cir.2005)"

*Sutter*, at 219-220.

12.     Additionally, the opinion of the Circuit Court in *Sutter* states "[W]e are satisfied that the arbitrator endeavored to interpret the parties' agreement within the bounds of the law, and we cannot say that his interpretation was totally irrational. Nothing more is required under § 10(a)(4) of the Federal Arbitration Act." *Sutter* at 224-225.

13.     FAA § 10(a) provides four limited bases, which have been described as "grudgingly narrow" for vacating an arbitral award.   *Eljer Mfg., Inc. v. Kowin Dev. Corp*., 14 F.3d 1250,

1253 (7th Cir. 1994). These bases are: (1) the award was procured by corruption, fraud or undue means; (2) there was evident partiality or corruption by the arbitrators; (3) there was arbitral misconduct, such as refusal to hear material evidence; or (4) the arbitrators exceeded their powers, or so imperfectly executed their powers that they failed to render a mutual, final and definite award. 9 U.S.C. §10(a).

## II
## SECTION 10(A)(4) OF THE FEDERAL ARBITRATION ACT

14.     Davison seeks to vacate the arbitration award under section 10(a)(4) of the Federal Arbitration Act ("FAA"). A court may vacate an award "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). A party seeking relief under §10(a)(4) of the Federal Arbitration Act "bears a heavy burden. 'It is not enough . . . to show that the [arbitrator] committed an error — or even a serious error." *Oxford Health Plans*, 569 U.S. at 569, 133 S.Ct. at 2068 (brackets in original), *citing Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010).

15.     Courts have vacated arbitral awards under the "exceeded powers" standard only where the arbitrator's decision addressed issues not submitted to arbitration, involved parties or transactions outside the scope of the arbitration clause, or awarded remedies barred by the agreement. *See Roadway Package Sys. Inc. v. Kayser*, 257 F.3d 287, 300-01 (3rd Cir. 2001); *see also Eljer Mfg.*, 14 F.3d at 1256-57; *Coast Trading Co. Inc. v. Pacific Molasses Co*., 681 F.2d 1195, 1198 (9th Cir. 1982). This standard is based on the fundamental principle that the FAA ensures enforcement of the terms of the parties' agreement to arbitrate. *See, e.g., Mastrobuono v. Shearson Lehman Hutton Inc*., 514 U.S. 52, 57 (1995); *Volt Info. Sciences Inc. v. Board of Trustees*, 489 U.S. 468, 476, 478-79 (1989).

7

16.     "Courts should avoid "exploiting 'an ambiguity' in an arbitrator's decision to support 'an inference' that he or she exceeded his or her authority." *Roadway Package Sys.*, 257 F.3d at 301; *NFM Corp. v. United Steelworkers of Am.,* 524 F.2d 756, 759 (3rd Cir. 1975).

17.     Davison complains of the arbitrator awarding attorney's fees in the underlying Arbitration.  Davison's complaint involves none of the exceptions under §10(a)(4) of the FAA. The award of attorney's fees does not comprise an issue not submitted to arbitration.  A request for an award of attorney's fees was the subject of the arbitrator's scheduling order and a separate filing.  The award of attorney's fees does not involve parties or transactions outside the scope of the arbitration clause.   All litigated issues in the Arbitration fell within the scope of the arbitration clause.   The award of attorney's fees does not constitute a remedy barred by the agreement.   It is undisputed that various statutes involved provide for an award to attorney's fees.  Davison simply takes issue with which statutes that the arbitrator mentions in the Award.

18.     Vacatur for excess of power requires that the award be "completely irrational and entirely unsupported by the record." *Sherrock Bros., Inc. v. DaimlerChrysler Motors Co.*, 260 F. App'x 497, 501 (3d Cir. 2008); *Exxon Shipping Co. v. Exxon Seamen's Union*, 993 F.2d 357, 360 (3d Cir. 1993); *Popkave v. John Hancock Distributors LLC*, 768 F. Supp. 2d 785, 789 (E.D. Pa. 2011); *Franko v. Ameriprise Fin. Servs.*, No. 09-09, 2009 U.S. Dist. LEXIS 48907 *10 (E.D. Pa. June 11, 2009); *Southco, Inc. v. Reell Precision Mfg. Corp.*, 556 F. Supp. 2d 505, 511 (E.D. Pa. 2008).   To be "completely irrational," the arbitrators' decision must "escape[] the bounds of rationality" and be entirely unsupported by the record.  *Exxon Shipping Co.*, 993 F.2d at 360 (3d Cir. 1993); *Popkave*, 768 F.Supp.2d at 789; *Franko*, 2009 U.S. Dist. LEXIS 48907, at *10; *Southco*, 556 F.Supp.2d at 511.

19.     If an arbitration award is consistent with applicable law, the arbitrator did not exceed his powers.   Any award that is rationally derived from the parties' arbitration agreement and submissions must be confirmed.   *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 246 (3rd Cir. 2021); *see also Bayside Construction LLC v. Smith*, No. 21-2716, 2022 WL 2593303 (3rd Cir. July 8, 2022).

20.     The award of attorney's fees award neither completely irrational nor entirely unsupported by the record.   It is undisputed that an award of attorney's fees is supported pursuant to the Pennsylvania Unfair Trade Practices & Consumer Protection Law, the American Inventor Protection Act, and the Texas Invention Development Services Act ("TIDSA").   73 Pa. Stat. § 201-9.2; 35 U.S.C. § 297; Tex. Bus. & Comm. Code §§ 52.001, *et seq*.   It is undisputed that the arbitrator requested a submission on attorney's fees and that Scorza submitted same.   *See* Docket Entries 1-3 and 1-4.   Furthermore, application of the TIDSA is acknowledged by Davison's own contract and legally mandated disclosure documents.   See Exhibit 2, Davison Pre-Development and Representation Agreement, p. 5, §III(G)[4]; Exhibit 8, Texas Invention Development Services Act Disclosure.[5]   These documents were entered into evidence and discussed during the Arbitration.   Scorza also argued the applications of TIDSA in his Pre-Hearing Brief and Post-Hearing Brief.   Exhibit 6, Scorza Pre-Hearing Brief, p. 11-13; Exhibit 7, Scorza Post-Hearing Brief, p. 26-27.

21.     Further, under TIDSA Section 52.151(b) awards attorney's fees and court costs for those who contract with an invention development service and are is injured by the same.   The Arbitrator rightfully applied TIDSA because Scorza made a claim for breach of contract which

---

[4] "…certain contractual provisions required by Texas law are observed as a courtesy to Client. Those provisions are incorporated herein."
[5] "THIS CONTRACT BETWEEN YOU AND AN INVENTION DEVELOPER IS REGULATED BY THE STATE OF TEXAS' REGULATION OF INVENTION DEVELOPMENT SERVICES ACT." [capitals in original].

cited TIDSA.  Here, Scorza should be awarded attorneys fees and court costs because the Arbitrator found that Scorza was injured under TIDSA.

22.     As the award of attorney's fees could have been legally supported by any or all of the cited statutes, it is consistent with applicable law.  Thus, as a matter of law, the arbitrator did not exceed his powers.  The Court should deny Davison's motion to vacate, and confirm the Arbitration Award.

### III
### MANIFEST DISREGARD OF LAW

23.     Davison's complaints regarding the Arbitration Award do not sound in exceeding powers under §10(a)(4) of the FAA.  Davison complains that the arbitrator relied on incorrect law to support his award of attorney's fees.  Davison's arguments sound in the doctrine of manifest disregard of law, rather than exceeding powers.  However, the complained of award does not even rise to the standard of manifest disregard of law.

24.     In the wake of Supreme Court decisions on the subject, it is doubtful whether the doctrine of manifest disregard of law still even exists.  *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Milnes*, No. 11-260, 2014 WL 1386321, at *4-5 (E.D. Pa. April 8, 2014).  "To the extent that 'manifest disregard of law' survives, it applies only in 'exceptional cases.' Id. at *5 (citing *Popkave,* 768 F. Supp. 2d at 789-90).

25.     To vacate an arbitration award for manifest disregard of law, "there must be some showing in the record, other than the result obtained, that the arbitrators knew the law and expressly disregarded it."  *Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456 (11th Cir. 1997); *Advest, Inc. v. McCarthy*, 914 F.2d 6, 10 (1st Cir. 1990); *O.R. Securities, Inc. v. Professional Planning Assoc., Inc.,* 857 F.2d 742, 747 (11th Cir. 1988); *Popkave*, 768 F. Supp. 2d at 790 (E.D. Pa. 2011) (citing *O.R. Securities*, 857 F.2d 742).  "In this context, then,

'disregard' implies that the arbitrators appreciated the existence of a governing legal rule but willfully decided not to apply it." *Advest*, 914 F.2d at 10; *Merrill Lynch, Pierce, Fenner Smith, Inc. v. Bobker*, 808 F.2d 930, 933 (2d Cir. 1986). If an award is not explicitly explained on the point in question, it is extremely difficult to satisfy the exacting criteria for invocation of the doctrine. *O.R. Securities,* 857 F.2d at 747 n. 4.

26.     "The 'manifest disregard of the law' doctrine is a judicially-created one that is to be used 'only [in] those exceedingly rare circumstances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the [vacatur] provisions of the [Federal Arbitration Act] apply.'" *Black Box Corp. v. Markham*, 127 F. App'x 22, 25 (3d Cir. 2005); *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003); *Popkave*, 768 F.Supp.2d at 789-90. As long as there is a "barely colorable" justification for the arbitrators' decision, it must be upheld. *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 13 (2d Cir. 1997); *Popkave*, 768 F. Supp. 2d at 790; *Forest Elec. Corp. v. HCB Contractors*, No. 91-1732, 1995 U.S. Dist. LEXIS 1135 *29 (E.D. Pa. Jan. 30, 1995).

27.     If an arbitration award is consistent with applicable law, the arbitrator did not manifestly disregard the law or the parties' Agreement. *Monongahela Valley Hosp. Inc. v. United Steel Paper & Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union*, 946 F.3d 195, 199 (3d Cir. 2019); *see also Bayside Construction*, 2022 WL 2593303.

28.     Pursuant to applicable law, an award of attorney's fees would only meet the manifest disregard standard if the arbitrator appreciated the existence of a governing legal rule but willfully decided not to apply it. In other words, if the arbitrator knew that the American Inventor Protection Act and TIDSA did not apply, yet expressly applied them, Davison might have a colorable argument for manifest disregard. However, nothing like the foregoing actually

occurred. It is undenied that the award of attorney's fees could have been legally supported by any or all of the three above-cited statutes. Thus the Arbitration Award is consistent with applicable law. Accordingly, as a matter of law, manifest disregard of law does not apply. The Court should deny Davison's motion to vacate, and confirm the Arbitration Award.

## IV
## DAVISON'S ATTEMPT TO GAME THE SYSTEM

29.     The FAA is designed to enable parties to obtain a quick resolution and finality to disputes *without* incurring the costs, enduring prolonged schedules, and inviting public scrutiny of litigation. Yet this 'laudatory goal' is only achievable where "arbitration is an alternative to litigation, not an additional layer in a protracted contest." *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 907 (8th Cir. 2006). "If we permit parties who lose in arbitration to freely relitigate their cases in court, arbitration will do nothing to reduce congestion in the judicial system; dispute resolution will be slower instead of faster; and reaching a final decision will cost more instead of less. This case is a good example of the poor loser problem and it provides us with an opportunity to discuss a potential solution." *Id.* Where, as here, when arbitration losers are allowed, or worse, emboldened, to contest an arbitrator's award, every advantage of arbitration is lost wherein judicial congestion is increased, dispute resolution is prolonged, and final judgments are more expensive.

30.     In light of the above, the FAA 'presumes the confirmation of arbitration awards' and gives great deference to the arbitrator. *Davis v. Prudential Securities, Inc.*, 59 F.3d 1186 (11th Cir. 1995). In fact, only in extremely narrow cases is an award overturned for the judicially created doctrines of exceeding an arbitrator's authority and/or "manifest disregard of the law." *See Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456, 1461 (11th Cir. 1997). However,

Davison seeks to apply a crowbar to this non-statutory and *extremely narrow* exception, and further misconstrue and misapply the facts of the case to the law.

31.     However, Davison drafted the arbitration clause at issue and compels arbitration for plaintiffs that sue them, forcing plaintiffs to pay arbitration fees out of pocket.  Once a plaintiff obtains a favorable award, Davison files to vacate the arbitration award, asking a court to vacate the award of attorney's fees., making a successful prosecution of claims in arbitration a net financial loss for the plaintiff.

32.     Davison, whenever dissatisfied with the result of its own contractually agreed upon means of dispute resolution, and with superior knowledge of the justice system, seeks to use this Court as a weapon to vindictively inflict hardship on Scorza by adding insult to injury, through the infliction of additional time and fees to fight the vacatur action, which it will in turn argue are not recoverable.  The cost of defending the vacatur action will quickly destroy any recovery. This is exactly what could happen in this instant action as failure to award Scorza his fees and costs in this vacatur action would wipe out his actual recovery of just over $20,000 pursuant to the Award.

33.     Thus, as infrequent as vacatur actions occur, where successful motions are even more exotic and exceedingly rare, Davison utilizes this tactic and has inflicted this same method of abuse on its former customers who dare to sue regarding its fraudulent activities.  *See Davison Design & Dev., Inc. v. Frison*, 2:17-cv-01468.  It is therefore Scorza's request that, where Davison has availed itself of the public oversight through the District Court, this Court would penalize Davison through the only language they will understand – monetary sanctions. This pecuniary rebuke, only if substantial, stands to disabuse the aggrieved Mr. Scorza, the public, and the judicial system of Davison's manipulative treatment.

## V
### ATTORNEY'S FEES

34.     Davison wrongfully asserts that Scorza failed to request for attorney's fees throughout the arbitration proceedings.  Despite such, the Arbitrator clearly states in the Award that Scorza receives "reasonable attorney fees and costs pursuant to the American Inventor Protection Act and the Texas Invention Development Services Act…."  Exhibit 1, Arbitration Award; *see also Davison Design & Dev., Inc. v. Frison*, No. 2:17-CV-01468, 2019 WL 1745787, at *1 (W.D. Pa. Apr. 18, 2019), aff'd, 815 F. App'x 659 (3d Cir. 2020) (where the court affirmed the arbitrator's decision to award attorneys' fees under the American Inventor Protection Act).

35.     Undeniably, Scorza's award for attorney's fees for the arbitration must stand, as the Third Circuit has confirmed in a similar action with Davison where on appeal Davison attempted to vacate attorneys' fees where the arbitrator awarded attorneys' fees to a party under the 35 U.S.C. § 297, the American Inventor Protection Act. *See Davison Design & Dev., Inc. v. Frison*, No. 2:17-CV-01468, 2019 WL 1745787, at *1 (W.D. Pa. Apr. 18, 2019), *aff'd*, 815 F. App'x 659 (3d Cir. 2020).

36.     Here, after the confirmation of the Arbitrator's attorneys' fees, the main concern is ensuring that Scorza is awarded the additional attorneys' fees for enforcing the award that come about through the answer to the Motion to Vacate, which was filed in bad faith, vexatiously, wantonly, and for oppressive reasons. Failure to do so would result in turning Scorza's arbitration victory into a net financial loss for an elderly claimant in his 80's who was cheated out of his life savings meant to provide for his daughter and grandson..

37.     Accordingly, Scorza respectfully requests the Court award him attorney's fees involved in opposing this vacatur action and to enforce the Arbitration Award.  Scorza requests the Court to award him reasonable and necessary attorney's fees and costs for this instant action in the

amount of $36,385.50.  See Exhibit 11, Affidavit of Stacey L. Barnes.  Failure to do so will result in Scorza's recovery in the Arbitration to result in a net financial loss for him.

      A.    **<u>Statutes</u>**

38.    Scorza's award for attorney's fees must be upheld under 35 U.S.C. § 297(b), the American Inventor Protection Act ("AIPA") and the Texas Invention Development Services Act ("TIDSA").  *See* 35 U.S.C. § 297; Tex. Bus. & Comm. Code §§ 52.001, *et seq*.  Moreover, as the relationship is governed by Pennsylvania law, under Title 42 Section 7321.26(c), Scorza should be further awarded the attorney fees and costs relating to the Motion to Vacate the Award, or similar, under Sections 7321.23, 7321.24, and 7321.25.  42 Pa. Stat. § 7321.23, *et seq*.

39.    In a similar proceeding, Davison attempted to vacate the arbitration award for attorney's fees given by the arbitrator, however, the Western District of Pennsylvania and the Third Circuit confirmed the arbitrator's decision to give attorneys fees under the AIPA.  *Davison Design & Dev., Inc. v. Frison*, No. 2:17-CV-01468, 2019 WL 1745787, at *1 (W.D. Pa. Apr. 18, 2019), *aff'd*, 815 F. App'x 659 (3d Cir. 2020). Under the FAA, the Arbitrator had the right to apply the AIPA because Scorza made a claim for breach of contract which cited the AIPA.  Here, the facts of the case are the same as *Frison*, where the Arbitrator has awarded attorneys fees under the AIPA within his means, and therefore, the award under 35 U.S.C. § 297(b) must be upheld.

*40.*    Finally, while "[t]he FAA does not typically provide for an award of attorneys' fees to a party who is successful in confirming an arbitration award,' Pennsylvania statute specifically allows for such.  42 Pa. Stat. § 7321.26; *Pacilli v. Philips Appel & Walden, Inc.*, No. MISC. A. 90-0263, 1991 WL 193507, at *7 (E.D. Pa. Sept. 24, 1991). Here, Pennsylvania statute clearly outline that Scorza should be awarded the attorney fees and costs related to answering and defending against the Motion to Vacate the award.  *See Menke v. Monchecourt*, 17 F.3d 1007,

1009 (7th Cir.1994) (The Court that a party was entitled to the attorney's fees incurred in the confirmation proceeds, such as a vacatur, because the state law under which the party stated its legal claims authorized an award of attorney's fees).

41.     In conclusion, the attorney's fees awarded by the Arbitrator must be upheld and attorney's fees and costs for answering and defending against the Motion to Vacate the award must be given. The Arbitrator was well within his means to award attorney's fees under the theories of AIPA and TIDA, both of which are included in Davison's contracts with Scorza, and Pennsylvania statute clearly provides attorney's fees and costs.

42.     Finally, under breach of contract actions, where the damages are liquidated and certain, contract rate or, if none, the interest rate is six percent (6%), and post judgement rate is also six percent (6%).  42 Pa. Stat. § 8101; *Pittsburgh Constr. Co. v. Griffith*, 834 A.2d 572 (Pa. Super. Ct. 2003).  Therefore, the Court should rule that theamount awarded bear pre- and post-judgment interest at the lawful rate, six percent (6%), from the date of the award, March 27, 2023, going forward.

### B.     Frivolous Vacatur Action

43.     Under the Federal Arbitration Act, a court may vacate an arbitration award only on the following grounds: corruption, fraud, or undue means; evident partiality or corruption in the arbitrators; misconduct in refusing to postpone the hearing or hear evidence; or the arbitrators exceeded their powers.  9 U.S.C. § 10(a). The Third Circuit has held that an arbitration award may also be vacated where the award "evidence[s] a manifest disregard for the law rather than an erroneous interpretation of the law."  *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3rd Cir. 2003), (alteration in original) (*quoting Local 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg*

*Producers, Inc.*, 773 F.2d 530, 534 (3rd Cir. 1985)). As discussed, *supra*, this doctrine likely no longer exists.

44.     Here, none of these exceptions apply for vacating the award.  Nothing has shown that the Arbitrator has exceeded their power in any sense whatsoever. Rather, the Arbitrator was well within his bounds to award attorneys' fees. Finally, there is nothing even colorably suggesting that the Arbitrator's award evidences a manifest disregard for the law.  This Court and the Third Court has found in similar actions with Davison that an award of fees such is allowable.

45.     Rather, in fact, the court should award attorneys' fees to Scorza in the "exercise of ... [its] equitable powers" because Davison has acted "in bad faith, vexatiously, wantonly, [and] for oppressive reasons." *Hall v. Cole*, 412 U.S. 1, 5 (1973); Fed. R. Civ. P. 11(c).

### C.     Policy Reasons for Discretionary Award for Fees and Costs

46.     "Courts cannot prevent parties from trying to convert arbitration losses into court victories, but it may be that we can and should insist that if a party on the short end of an arbitration award attacks that award in court without any real legal basis for doing so, that party should pay sanctions. A realistic threat of sanctions may discourage baseless litigation over arbitration awards and help fulfill the purposes of the pro-arbitration policy contained in the FAA." *B.L. Harbert*, 441 F.3d at 913-14.  Scorza requests the Court to assess sanctions for this frivolous vacatur action in the amount of Scorza's fees and costs needed to oppose and confirm the award.

## V
## PRAYER

WHEREFORE, Defendant prays that Defendant's motion to vacate or modify be denied in its entirety.  Defendant further prays that the Award be confirmed and entered as the judgment of the Court, that additional attorney's fees be awarded be awarded to Scorza for defending this

action and moving to confirm the Arbitration Award, and that the Court award pre- and post-judgment interest from the date of the Award.  Defendant prays for all other relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

/s/ *Stacey L. Barnes*
Stacey L. Barnes
sbarnes@kmd.law
William Yarbrough
wyarbrough@kmd.law
Vikesh Patel
vpatel@kmd.law
KEARNEY, MCWILLIAMS & DAVIS, PLLC
55 Waugh, Suite 150
Houston, Texas 77007
Phone: (713) 936-9620
Fax: (713) 936-9321
**Attorneys for Defendant**

John J. Myers
JMyers@eckertseamans.com
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
Phone: 412-566-5900
Fax: 412-566-6099

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 23rd day of August, 2023, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record and/or pro se parties, by means of the Court's electronic filing system, in accordance with the Rules of Civil Procedure.

Justin T. Barron
Barron Law Office LLC
P.O. Box 493
Valencia, PA 16059
(412) 334-6312
jbarron@justinbarronlaw.com


_/s/Stacey L. Barnes_____
Stacey L. Barnes

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVISON DESIGN &** | ) | |
| **DEVELOPMENT, INC. ,** | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **CA No. 2:23-cv-644** |
| | ) | |
| **MARIO SCORZA ,** | ) | |
| *Defendant.* | ) | **Judge Marilyn J. Horan** |

## Table of Defendant's Exhibits

| | |
|---|---|
| Exhibit 1 | Arbitration Award, 03/27/23 |
| Exhibit 2 | Pre-Development and Representation Agreement |
| Exhibit 3 | Preliminary Expert Report of Scott McBride |
| Exhibit 4 | Preliminary Expert Report of Dr. Kenneth Lehrer |
| Exhibit 5 | *FTC v. Davison Associates*, Civil Action No. 97-1278, Findings of Fact and Conclusions of Law |
| Exhibit 6 | Scorza's Pre-Hearing Brief |
| Exhibit 7 | Scorza's Post-Hearing Brief |
| Exhibit 8 | Texas Invention Development Services Act Disclosure |
| Exhibit 9 | Correspondence sent to Larry Rifkin |
| Exhibit 10 | *Davison Design & Dev., Inc. v. Frison*, 2018 WL 6324996, 2:17-cv-01468 (W.D. Pa. Dec. 4, 2018) |
| Exhibit 11 | Attorney's Fee Affidavit of Stacey L. Barnes |