IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVISON DESIGN & DEVELOPMENT, INC., | ) ) ) |
| Plaintiff, | ) No. 2:23-cv-00644-MJH ) |
| v. | ) Honorable Marilyn J. Horan ) |
| MARIO SCORZA, | ) ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE IN PARTIAL OPPOSITION TO
DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD**

Plaintiff Davison Design & Development, Inc. ("Davison") files this Response in Partial Opposition to Defendant's Motion to Confirm Arbitration Award ("Motion to Confirm").

**I.   The Award Should Be Partially Vacated or Modified**

Davison does not oppose the Motion to Confirm to the extent it seeks confirmation of the Arbitrator's Award of amounts other than attorneys' fees and costs, for the same reasons set forth in Davison's pending Motion to Vacate or Modify Arbitration Award (ECF 1) and its forthcoming Reply Brief (ECF 20, ¶ 3).

Specifically, the Arbitrator's Award awarded the following damages:

1. $26,054.85 in monetary damages ($20,042.25 plus $6,012.60 in interest);

2. $32,564.00 in AAA fee and Arbitrator compensation reimbursement; and

3. $199,024.05 in attorneys' fees and costs.

ECF 1-8.

Davison cannot in good faith oppose, and so does not oppose, confirmation of the Award with respect to items #1 and #2, totaling $58,618.85, "because of the generally deferential standard of review courts apply to the merits of private arbitral awards." ECF 1 (p. 14, ¶ 73); *see* 9 U.S.C. § 9 (stating that a "court must grant" an order confirming an arbitral award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title"); *PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 313 (3d Cir. 2021) ("A court must confirm an arbitration award unless it is vacated, modified, or corrected.").

Davison, however, has filed a motion to vacate the Award with respect to item #3, attorneys' fees and costs. ECF 1. Its Motion to Vacate on item #3 is still pending before the Court. Therefore, Davison opposes confirmation of the Award with respect to item #3, as to which item the Award should be vacated or modified as argued in the pending Motion to Vacate. *See* 9 U.S.C. §§ 9, 10(a)(4), 11(b).

Scorza seeks confirmation of "the primary amount of the Award," $225,078.90, which consists of $20,042.25 in monetary damages, $6,012.60 in interest, and $199,024.05 in attorneys' fees and costs. ECF 22 (p. 1, ¶ a); ECF 1-8. However, as part of his *ad hominem* attack on Davison that is more fully addressed in Davison's concurrently-filed Reply Brief, Scorza references and attaches to his Motion to Confirm what he calls the "Lehrer Expert Report" dated December 2022. ECF 21 (p. 3, ¶ 5 & n.3); ECF 21-4.

What Scorza neglects to tell the Court is that the Arbitrator, on Davison's motion, struck the "Lehrer Expert Report" from evidence, thereby precluding Dr.

2

Lehrer from testifying regarding that report, because of Scorza's nine-month delay in producing it on the eve of the hearing, which plainly prejudiced Davison. Ex. 1 hereto (Jan. 17, 2023 Preliminary Hearing & Scheduling Order #8). Scorza has not challenged the Arbitrator's decision to strike that report. The Court should not countenance Scorza's attempt to again prejudice Davison, this time in the eyes of the Court, as part of his counsel's campaign to smear Davison by relying on an irrelevant report the Arbitrator struck from the record.

## II. Scorza Can Seek Pre- and Post-Judgment Interest

Scorza also seeks pre- and post-judgment interest. ECF 21 (p. 15, ¶ 42); ECF 22 (pp. 1-2, ¶ c). Under prevailing Third Circuit case law, Davison cannot in good faith oppose, and so does not oppose, Scorza's request for such interest, but it does oppose the amount of interest he seeks because what he seeks is not wholly consistent with that binding case law. *See Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 62-63 (3d Cir. 1986); *Rhino Servs., LLC v. DeAngelo Contracting Servs., LLC*, No. 21-3840, 2023 WL 5186254, at *5-7 (E.D. Pa. Aug. 11, 2023).

Pre-judgment interest. Scorza is entitled to pre-judgment interest at the rate of 6% per annum, 41 P.S. § 202, from the date of the Award (March 27, 2023) until the date of this Court's order, if any, partially confirming the award. *See Rhino Servs.*, 2023 WL 5186254, at *6 & n.8.

Post-judgment interest. Scorza is entitled to post-judgment interest at the rate specified in 28 U.S.C. § 1961—not that in 41 P.S. § 202, as Scorza contends—from the date of the Court's judgment, if any, partially confirming the Award. *See Sun Ship*, 785 F.2d at 62-63; *Rhino Servs.*, 2023 WL 5186254, at *7 & n.9.

3

**III.  Scorza's Request for Attorneys' Fees Fails**

Scorza's Motion to Confirm also seeks an award of attorneys' fees against Davison. ECF 21 (pp. 14-17, ¶¶ 34-46). That request is meritless.

The provisions of the Pennsylvania Revised Statutory Arbitration Act (the "Revised Act") which Scorza cites, 42 Pa.C.S. §§ 7321.23-7321.26, do not apply here, for two reasons. ECF 21 (pp. 15-16, ¶¶ 38-41).

First, the parties' agreements to arbitrate were made before July 1, 2019, the effective date of the Revised Act. ECF 1 (p. 3, ¶ 15); ECF 8 (p. 2, ¶ 15); 42 Pa.C.S. § 7321.4(b)(1); *Foster v. Nuffer*, 286 A.3d 279, 284 n.3 (Pa. Super. 2022). The parties have not agreed that the Revised Act applies. So, if not for the application of the FAA, the Uniform Arbitration Act (the "UAA")—not the Revised Act—would apply. 42 Pa.C.S. § 7321.4(b); *Foster*, 286 A.3d at 284 n.3. There is no provision in Subchapters A or B of the UAA similar to § 7321.26(c) authorizing a court to award fees. *See* 42 Pa.C.S. §§ 7301-7320 (Subchapter A), 7341-7342 (Subchapter B).

Second, Section 7321.26's language makes clear that it applies only in Pennsylvania state court, not federal court. *See id.* § 7321.26(c) (limiting its scope to "judicial proceeding[s] under" specified procedural sections of Pennsylvania's arbitration statutes). This is a federal judicial proceeding under the FAA, not a state proceeding under those referenced state law provisions. *See* 9 U.S.C. §§ 9-12; *cf. Jones v. Pencoyd Iron Works, Inc.*, No. 2:18-CV-4157, 2019 WL 6828609, at *2 (E.D. Pa. Dec. 13, 2019) (explaining why the Pennsylvania fee-shifting statute at 42 Pa.C.S. § 2503 does not apply in federal court).

Scorza's non-statutory arguments for fee-shifting also fail. ECF 21 (pp. 16-17, ¶¶ 43-46).

The Third Circuit rule in this context is that "[o]ne of the narrow exceptions to th[e American] rule is a finding that the losing party litigated in bad faith, vexatiously, or for oppressive reasons." *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 463 F. Supp. 3d 525, 538-39 n.77 (E.D. Pa. 2020) (citing *Mobil Oil Corp. v. Indep. Oil Workers Union*, 69 F.2d 229, 305 (3d Cir. 1982)), *aff'd*, 19 F.4th 236 (3d Cir. 2021); *Kane Gas Light & Heating Co. v. Int'l Bhd. of Fireman & Oilers, Local 112*, 687 F.2d 673, 673 (3d Cir. 1982). "[T]he fact that [a party] challenged [an] arbitrator's award on the merits is not by itself sufficient to justify a grant of attorney's fees to the party seeking enforcement of the award." *Kane Gas*, 687 F.2d at 683; *Rack Eng'g Co. v. U.S. Steelworkers of Am.*, No. 90-246, 1990 WL 371773, at *5 (W.D. Pa. June 22, 1990) (adopting report and recommendation).

Scorza's citation to *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905 (11th Cir. 2006), is inapposite. ECF 21 (p. 12, ¶ 29; p. 17, ¶ 46). The Eleventh Circuit's statements on which Scorza relies were simply that panel's musings about "idea[s] worth considering." *Id.* at 914. The Third Circuit has not considered or adopted those "idea[s]." *Franko v. Ameriprise Fin. Servs., Inc.*, No. 09-09, 2009 WL 1636054, at *8 (E.D. Pa. June 11, 2009). Assuming that court's "ideas" applied here, even the Eleventh Circuit in that case required a litigant to act "without an objectively reasonable belief [a challenge to an arbitral award] will prevail" and "without any real legal basis for doing so[.]" *B.L. Harbert*, 441 F.3d at 913-14.

5

Scorza does not come close to meeting that standard, or the binding Third Circuit standard, so his request for attorneys' fees fails.

Davison has not litigated in bad faith, vexatiously, or for oppressive reasons. It has challenged only one aspect of the Arbitrator's Award—its award of attorneys' fees and costs under statutory claims that Scorza never asserted or submitted to the Arbitrator. It has not challenged the rest of the Award, in express recognition of "the generally deferential standard of review courts apply to the merits of private arbitral awards." ECF 1 (p. 14, ¶ 73); *see supra* Parts I-II.

There is substantial authority supporting Davison's challenge. ECF 1 (pp. 9-15, ¶¶ 47-80); Davison's concurrently-filed Reply Brief. Notably, Scorza does not address the most relevant authorities, the *Matteson* line of cases, in its Response/Motion to Confirm. ECF 21 (pp. 1-20).

Scorza also misrepresents *Frison* to suit his needs, as elaborated upon in Davison's concurrently-filed Reply Brief. If anything, that case and this one demonstrate that Davison acts judiciously and in accordance with the law in the rare case when it pursues its statutory right to challenge an arbitral award that is more than erroneous and meets the high standard warranting a motion to vacate. Even if Court ultimately disagrees with Davison's arguments for vacatur, that is not a valid basis to award fees to Scorza. *See Kane Gas*, 687 F.2d at 683.

Therefore, Scorza's request for attorneys' fees should be denied.

### IV. Scorza's Request for Attorneys' Fees Is Unreasonable

If, however, the Court somehow agrees that attorneys' fees are warranted, the amount of fees Scorza seeks is unreasonable, largely for the same reasons that his request for fees and costs in arbitration was unreasonable. *See* ECF 1-6 (pp. 4-9 of 42) ("The Requested Fees Are Unreasonable").

Scorza "has the burden to prove that [his fee] request is reasonable." *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 400 (3d Cir. 2018). "An attorney's showing of reasonableness must rest on evidence **other than the attorney's own affidavits**." *Holmes v. Millcreek Twp. Sch. Dist.*, 205 F.3d 583, 595 (3d Cir. 2000) (emphasis added) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)); *Clemens*, 903 F.3d at 402. Where "billing attorneys d[o] not even submit their own affidavits identifying their usual billing rates or describing their levels of experience," it is "within the court's discretion" to "disallow any hours billed by those [] lawyers" because they "provided no information whatsoever on which [the court] could make a determination as to whether the requested hourly rate was reasonable." *Clemens*, 9093 F.3d at 402.

First, Scorza's request for attorneys' fees is supported by nothing "other than [one] attorney's own affidavit," *id.*—that of Attorney Barnes—nothing more, such as affidavits from other attorneys in the community or other documents supporting the claimed "reasonable rates" they seek. ECF 21-11 (pp. 2-22 of 22).

Second, only Mr. Barnes submitted an affidavit, yet it seeks to recover billings of 3 other attorneys. *Id.* There is simply nothing to sustain Scorza's burden

7

that the rates requested are reasonable. *See Clemens*, 903 F.3d at 402; *Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 131 (3d Cir. 1999).

Third, almost one-half of the requested fee amount ($18,022.00 of the total requested $36,385.50) is for "[p]rojected and/or unbilled attorney's fees." ECF 21-11 (pp. 4-5 of 22, ¶ 17). Scorza has provided absolutely no support whatsoever for Davison to challenge, or for the Court to determine, the reasonable-ness of those "projected and/or unbilled" fees. *See Evans v. Port. Authority of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001) (citing and quoting *Washington v. Phila. Cnty. Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996)); *Clemens*, 903 F.3d at 402.

This is not only an issue of lack of proof, but it demonstrates that Scorza's counsel has not "exclude[d] hours that are . . . otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Clemens*, 903 F.3d at 403 (cleaned up). Fee requests are "not the opening bid[s] in the quest for an award." *Id*. Scorza's counsel seeks to double the amount of fees actually incurred and billed, based on nothing more than that they are "projected and/or unbilled." Scorza's counsel cannot recover fees it never billed and that it may never bill.

## V. Conclusion

Accordingly, Scorza's Motion to Confirm should be denied to the extent it seeks confirmation of the Arbitrator's Award of attorneys' fees and costs, and otherwise confirmed as set forth above. Scorza's request for attorneys' fees incurred in opposing Davison's Motion to Vacate should be denied.

8

                              Respectfully submitted,

                              BARRON LAW OFFICE LLC

Date:  September 6, 2023    By:   */s/ Justin T. Barron*
                              Justin T. Barron (PA I.D. No. 200394)
                              P.O. Box 493
                              Valencia, PA 16059
                              (412) 334-6312
                              jbarron@justinbarronlaw.com