IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVISON DESIGN & DEVELOPMENT, INC., | ) ) ) |
| Plaintiff, | ) No. 2:23-cv-00644-MJH ) |
| v. | ) Honorable Marilyn J. Horan ) |
| MARIO SCORZA, | ) ) |
| Defendant. | ) |

**Exhibit 1**

**January 17, 2023 Preliminary Hearing & Scheduling Order #8**

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

**Case Number: 01-21-0004-6369**

**Mario Scorza**
**-vs-**
**Davison Design & Development, Inc.**

### Preliminary Hearing and Scheduling Order #8

Respondent Davison Design & Development. Inc. ("Respondent") has filed a motion to strike the expert report of Dr. Kenneth Lehrer ("Dr. Lehrer") submitted by Claimant Mario Scoza ("Claimant") on December 17, 2022—only one month before the scheduled merits hearing in this arbitration.  Dr. Lehrer previously submitted an expert report regarding Claimant's alleged damages on March 15, 202 in accordance with the agreed upon prehearing schedule.  In connection with its motion to strike, Claimant also seeks sanctions in in the form of an award of attorney fees based on the fees incurred in preparing its motion to strike.

Claimant filed his response to Respondent's motion to strike on January 12, 2023.  In his response, Claimant argues that Dr. Lehrer's December expert damages report is merely "a more detailed supplemental of  [his] 'initial preliminary report.'"  Claimant Br. 5.  The Arbitrator disagrees. Dr. Lehrer's original report was only 15 pages in length while his more recent report is nearly 100 pages in length.  Even more important, Dr. Lehrer's original report did not include any estimated damage figures while his more recent report is replete with such figures.  Nowhere in his response does Claimant explain why he waited nine months after his deadline for submitting expert reports to serve Dr. Lehrer's final damages analysis on Respondent.  Nor did Claimant seek leave to file a late report at any point during his nine month delay.

Dr. Lehrer's second report is not a more refinement of the analysis in his original report.  His second report identifies for the first time potentially millions of dollars in damages allegedly suffered by

{A1763622.1}

Claimant from Respondent's conduct. At this late juncture, Respondent plainly does not have adequate time to retain a rebuttal expert to respond to Dr. Lehrer's new damages analysis. As a result of this prejudice, the Arbitrator grants Respondent's motion to strike Dr. Lehrer's second expert report. He will be permitted to testify only to the opinions contained in his original report. This ruling does not preclude Claimant from attempting to prove its damages through other means and evidence.

### Requested Subpoenas for Messrs. Frank Vescio and Larry Rifkin

Claimant has requested that I sign subpoenas requiring Messrs. Frank Vescio and Larry Rifkin to appear to testify at the merits hearing. Mr. Vescio is still employed in some capacity by Respondent while Mr. Rifkin has not been employed by Respondent since December 2020. Respondent principally opposes issuance of Mr. Vescio's subpoena because he plans to attend the hearing to testify on Respondent's behalf. For this reason, I find there is no need at this time to subpoena Mr. Vescio to attend the hearing. If Mr. Vescio decides not to attend the hearing, Respondent shall promptly notify the Arbitrator and Claimant's counsel of this change. As for Mr. Rifkin's subpoena, Respondent points out that he is no longer employed or controlled by Respondent and, as such, it has no obligation to ensure his attendance at the hearing. While the Arbitrator agrees that Respondent has no obligation to produce a former employee to testify at the hearing, that does not prelude Claimant from attempting on its own to serve the subpoena requiring Mr. Rifkin's attendance at the hearing. Accordingly, I will sign the subpoena requiring Mr. Rifkin's attendance.

### Increase in Claim Amount

Claimant has informed the Arbitrator and the AAA that he wishes to increase the amount of his claim pursuant to AAA Commercial Rules R-6(a). Respondent opposes this request and it has asked the Arbitrator not to consent to any increase in the claim amount. But under R-6(a), a party "may at any time prior to the close of the hearing or by the date established by the arbitrator increase or decrease the amount of its claim." Because the Arbitrator has not set a deadline for changes in the amount of any

claim or counterclaim, Claimant has a right to increase his claim amount until the close of the hearing subject to payment of the additional AAA administrative fees. While R-6(b) requires the arbitrator's consent, that rule applies to changes involving a "new or different claim"—not a mere increase in the claim amount.

Dated: January 17, 2023                    Arbitrator Signature: _____

                                                                                                           Scott D. Livingston