IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVISON DESIGN & DEVELOPMENT, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 2:23-cv-00644-MJH |
| v. | ) ) | Honorable Marilyn J. Horan |
| MARIO SCORZA, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
<u>MOTION TO VACATE OR MODIFY ARBITRATION AWARD</u>**

Plaintiff Davison Design & Development, Inc. ("Davison") files this Reply Brief in Support of its Motion to Vacate or Modify Arbitration Award ("Motion").

**I.    The Arbitrator Exceeded His Powers in Awarding Fees and Costs**

Scorza's Response (ECF 21) is the epitome of an *ad hominem* attack. Instead of addressing the core issue head-on, Scorza's counsel demonizes Davison for having the temerity to exercise its statutory right to seek partial vacatur of the Award.

That core issue is this: "An arbitrator exceeds his authority when he awards damages on a claim not submitted by the parties to the arbitration panel." *Ergobilt, Inc. v. Neutral Posture Ergonomics, Inc.*, No. 3:97-CV-2548, 2002 WL 1489521, at *7-8 (N.D. Tex. July 9, 2002) (citations omitted); *see Matteson v. Ryder Sys., Inc.*, 99 F.3d 108, 112-14 (3d Cir. 1996).

That is precisely what the Arbitrator did here—he awarded damages (attorneys' fees and costs) to Scorza on claims not submitted by the parties to the Arbitrator (claims under the AIPA and the Texas Act).

Scorza does not address this issue head-on. Indeed, he does not even address *Matteson* or the other relevant case law confirming the *Matteson/Ergobilt* rule on which Davison's Motion is based. *See* ECF 1 (pp. 10-15, ¶¶ 50-80). Under *Matteson* and its progeny, the Arbitrator exceeded his powers in awarding attorneys' fees and costs on claims and arguments that Scorza never submitted to the Arbitrator.

Scorza did not submit a claim under the AIPA or the Texas Act to the Arbitrator. Scorza also did not submit an argument that he was entitled to attorneys' fees and costs under the AIPA or the Texas Act. Scorza, represented by competent counsel throughout, chose to limit his request for attorneys' fees and costs to the UTPCPL. So his claim for attorneys' fees and costs rose and fell with the success of his UTPCPL claim. The Arbitrator denied that claim, ECF 1-8 (denying "all of Claimant's other requests for relief"), yet still awarded him fees and costs, citing two statutes under which Scorza had never asserted a claim and which he had never argued as a basis for an award of fees and costs. The Arbitrator exceeded his powers, as the *Matteson* line of cases makes clear, so the Award should be partially vacated (or modified) by striking the award of fees and costs.

Scorza's Demand for Arbitration initiating the arbitration included no claims under the AIPA or the Texas Act. ECF 1-2 (pp. 2-11 of 21). It set forth 5 specifically enumerated causes of action: (1) breach of contract; (2) common law fraud; (3) UTPCPL; (4) fraud by non-disclosure; and (5) negligent misrepresentation. *Id.* (pp. 6-9 of 21, ¶¶ 11-24). In the section entitled "Damages," Scorza stated he sought punitive damages "alternatively to [his] claims for damages in association with [his]

2

UTPCPL cause[] of action." *Id.* (p. 11 of 21, ¶ 27). No cause of action under the AIPA or the Texas Act was asserted in the Demand. *Id.* (pp. 2-11 of 21).

Scorza admits that he never sought to amend, or amended, his Demand for Arbitration to include a claim under the Texas Act, or the AIPA, at any time prior to the close of the hearing. ECF 1 (p. 6, ¶ 28); ECF 8 (p. 3, ¶ 28).

Scorza makes the baseless statement that he "made a claim for breach of contract which cited [the Texas Act]." ECF 21 (pp. 9-10, ¶ 21). Scorza notably fails to provide any citation to the record where he supposedly made that claim. *Id.* He cannot do so because that statement is unsupportable: his Demand for Arbitration ***did*** include a claim for breach of contract, but that claim ***did not*** cite the Texas Act. ECF 1-2 (p. 6 of 21, ¶¶ 11-13). Paragraph 19 of the Demand cited the Texas Act. *Id.* (p. 9 of 12, ¶ 19). That paragraph, however, was part of Scorza's UTPCPL claim, *id.* (pp. 7-9 of 12, ¶¶ 17-20), and the Texas Act was cited only for the stated purpose of having purportedly "plac[ed] Davison on notice of having violated the similar tenets of the UTPCPL," *id.* (p. 9 of 12, ¶ 19).

Scorza asserted five specific causes of action in his Demand, and a claim under the Texas Act (or the AIPA) was simply not one of them. He chose to pursue a claim, including a claim for attorneys' fees and costs, under the UTPCPL instead.

Scorza makes the similarly baseless statement that he "made a claim for breach of contract which cited the AIPA." ECF 21 (p. 15 of 21, ¶ 39). Again, he provides no citation to the record in support. And again, that statement is simply false. Nowhere does the Demand for Arbitration include the acronym "AIPA" or any

3

of its constituent parts. ECF 1-2 (pp. 2-11 of 21); *cf.* ECF 21 (pp. 1-20 of 20) (repeatedly referencing the AIPA and defining it in a parenthetical).

Scorza claims that he "argued the applications [sic] of [the Texas Act] in his Pre-Hearing Brief . . . ." ECF 21 (p. 9 of 20, ¶ 20). However, that brief reference, which was made as part of his previously-asserted claim for negligent misrepresentation, was not sufficient to assert a claim under the Texas Act. ECF 21-6 (pp. 12-14 of 88). As one court has very recently noted:

> . . . Slipping a statement into a pre-hearing brief, however, does not amend the pleadings or put a party, presuming that even if it were read, on legal notice that a party is being added or the claim is being amended; it is the same as springing the issue at the arbitration hearing.
>
> A pre-hearing brief addressing the party's position cannot add new parties or advance new claims in the proceeding. Rather, formal notice is required. Arbitration rules are loose, but not that loose; otherwise, the rules themselves would violate due process. . . .

*PennEnergy Res., LLC v. Winfield Res., LLC*, ___ A.3d ___, No. 464 WDA 2022, 2023 WL 4715191, at *10-11 (Pa. Super. July 25, 2023); *see also Mellon v. Travelers Ins. Co.*, 406 A.2d 759, 761-62 (Pa. Super. 1979); *Skjellerup v. Toll Bros., Inc.*, No. 05-80406, 2005 WL 8156060, at *4-6 (S.D. Fla. Oct. 18, 2005); AAA Comm'l Arb. Rule R-6(b), quoted in ECF 1 (p. 6, ¶ 28 & n.11).[1]

---

[1] It is appropriate to look to Pennsylvania decisions in this context because "[t]he standards of review under the FAA and the Pennsylvania Uniform Arbitration Act are strikingly similar." *Trombetta v. Raymond James Fin. Servs., Inc.*, 907 A.2d 550, 564-65 (Pa. Super. 2006); *see also id.* at 565 n.9 ("not[ing] that [Pennsylvania's] standards of review for statutory arbitration are quite similar to both the FAA standards and our own common law standards"); *Commonwealth ex rel. Kane v. Philip Morris USA, Inc.*, 114 A.3d 37, 58 (Pa. Cmwlth. 2015) (noting the "unifying factor among every standard of review" under the FAA and Pennsylvania law).

Scorza slipping a brief reference to the Texas Act as part of his previously-asserted claim of negligent misrepresentation was not sufficient to put Davison on notice that he was submitting any such claim to the Arbitrator. Nor did it submit those claims to the Arbitrator for him to decide. *PennEnergy*, 2023 WL 4715191, at *10-11; *Mellon*, 406 A.2d at 761-62; *Skjellerup*, 2005 WL 8156060, at *4-6.

The parties' later filings, and the complete absence of reliance on or argument concerning the AIPA or the Texas Act, confirm that Scorza's brief reference to the Texas Act in his Demand for Arbitration and Pre-Hearing Brief was not intended to assert, nor was it perceived as having asserted, a claim under the Texas Act, or the AIPA.

Scorza's post-hearing Fee Petition, which the Arbitrator specifically directed to set forth the legal bases for his fee request, included **no** reference to the AIPA or the Texas Act. ECF 1-4 (pp. 2-3 of 71). Scorza expressly limited his claim to fees and costs to the UTPCPL. *Id.* Not even Scorza attempts to argue otherwise—he does not address the Fee Petition at all in his Response. ECF 21 (pp. 1-20).

Because Scorza's Fee Petition expressly limited his request for attorneys' fees and costs to the UTPCPL, Davison's Response did the same. ECF 1-6. It noted at the very outset of its Response that Scorza identified the UTPCPL "as the sole legal basis for his fee request." ECF 1-6 (p. 2 of 42). It then outlined why "[t]here [wa]s no legal basis under the UTPCPL to award Scorza any of his attorneys' fees and costs[.] . . ." *Id.* Davison did not address the AIPA or the Texas Act for the simple

---

*PennEnergy* and *Mellon* are also fully consistent with *Matteson*, *Skjellerup*, and the other federal cases Davison cites at length here and in its Motion to Vacate.

reason that Scorza had not asserted such claims, prevailed on such claims, or cited or relied upon them in his Fee Petition. ECF 1-4 (pp. 2-3 of 71).

Scorza's Post-Hearing Brief also included ***no*** claims under the AIPA or the Texas Act. Scorza's Post-Hearing Brief included a Table of Contents setting forth 7 specifically enumerated causes of action: (1) breach of contract; (2) common law fraud; (3) fraud by concealment and non-disclosure/omission; (4) negligent misrepresentation; (5) fraud in the inducement; (6) common law negligence; and (7) the UTPCPL. ECF 1-5 (p. 2 of 32) (Table of Contents). The body of his Post-Hearing Brief addressed those 7 specifically enumerated causes of action, in the same order listed in the Table of Contents. *Id.* (pp. 16-25 of 32.) He argued he was entitled to damages because of "Davison's breach of contract, torts, and violations of the UTP[]CPL . . . ." *Id.* (p. 29 of 32). Notably absent is any reference to the AIPA or the Texas Act. *Id.*

Nowhere does his Post-Hearing Brief include the acronym "AIPA" or any of its constituent parts. *Id.* (pp. 2-32 of 32). There was one passing reference to the Texas Act in the Post-Hearing Brief, but like in his Demand for Arbitration, it was expressly made in support of his claim under the UTPCPL, and in a section of the Post-Hearing Brief (Section VI) addressing "contractual disclaimers of liability"— not the sections setting forth his causes of action (Section IV). *Id.* (pp. 26-28 of 32).

Such a fleeting reference to the Texas Act in his Post-Hearing Brief was insufficient to amend Scorza's claims to include a claim under the Texas Act, or to put Davison on notice that he was making such a claim and claiming entitlement to

6

fees and costs thereunder. *See Skjellerup*, 2005 WL 8156060, at *4-6; *PennEnergy*, 2023 WL 4715191, at *10-11. Indeed, only days before filing his Post-Hearing Brief, Scorza had filed his Fee Petition expressly limiting any claim to attorneys' fees and costs to the UTPCPL. ECF No. 1-4 (pp. 2-3 of 71).

In sum, Scorza's request for attorneys' fees and costs was expressly limited to the UTPCPL. That was the only statutory claim he chose to assert against Davison and of which Davison had notice. Scorza simply did not assert claims under the AIPA or the Texas Act. He asserted a claim under the UTPCPL only, and he expressly tied his argument for attorneys' fees and costs to the UTPCPL claim only. Significantly, the claim under the UTPCPL was denied by the Arbitrator. ECF 1-8.

As a result, Davison's submissions to the Arbitrator also did not address the AIPA or the Texas Act because claims under those statutes were not before the Arbitrator. ECF 1-6. Its submissions addressed only the claims Scorza had properly asserted through his unamended Demand for Arbitration. *See id.* (pp. 15-24 of 42). Had Scorza's post-hearing submissions purported to submit to the Arbitrator claims or a fee request under the AIPA or the Texas Act, Davison would have objected. He did not attempt do so, thus there was no need for Davison to so object.

The Arbitrator exceeded his powers in violation of the FAA. *See* 9 U.S.C. §§ 10(a)(4), 11(b); *Matteson*, 99 F.3d at 113-15. Therefore, that portion of the Final Award granting attorneys' fees and costs to Scorza must be stricken.

## II. Scorza's Remaining Counterarguments Fail

Scorza's main argument against partial vacatur boils down to this: because he sought attorneys' fees at all, and because certain documents in evidence before

the Arbitrator referenced the Texas Act and the AIPA, the Arbitrator was free to award attorneys' fees and costs under "any or all" of those laws. *See, e.g.*, ECF 21 (p. 10, ¶ 22; pp. 11-12, ¶ 28; p. 16, ¶ 41).

Again, that completely ignores the *Matteson* line of cases, which Scorza never directly addresses, and Scorza's actual filings in arbitration. Scorza and his counsel chose to submit specific claims and arguments to the Arbitrator. He never asserted claims under the AIPA or the Texas Act. He never argued that they were entitled to fees and costs under those two statutes. Yet the Arbitrator awarded fees and costs under those two statutes anyway. The Arbitrator did exactly what longstanding law said he could not do: he awarded damages on a claim not submitted by the parties.

Not surprisingly, Scorza relies on cases emphasizing the deferential standard of review courts employ in challenges to arbitral awards. ECF 21 (pp. 7-10, ¶¶ 14-22). Davison acknowledges that standard. *See* ECF 1 (p. 14, ¶¶ 73-74). However, "[e]ffusively deferential language notwithstanding, the courts are neither entitled nor encouraged simply to 'rubber stamp' the interpretations and decisions of arbitrators." *Matteson*, 99 F.3d at 113. "Rare though they may be, there will be instances when it is appropriate for a court to vacate the decision of an arbitrator." *Id*. at 114. This is one such case. *See id*.

The complete irrationality standard Scorza cites is a sufficient, but not necessary, means of vacating an award. *See Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219-20 (3d Cir. 2012) ("An arbitrator oversteps these limits, and subjects his award to judicial vacatur under § 10(a)(4), when he decides an issue not

8

submitted to him, grants relief in a form that cannot be rationally derived from the parties' agreements and submissions, *or* issues an award that is so completely irrational that it lacks support altogether.") (emphasis added); *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 246 (3d Cir. 2021) (quoting *Sutter* and noting that the instances warranting vacatur listed by *Sutter* are "example[s]" of ways to vacate); *U.S. ex rel. JRW Serv. Group, LLC v. New Age Dev. Group LLC*, No. 20-2055, 2023 WL 371395, at *2 (3d Cir. Jan. 24, 2023); *Matteson*, 99 F.3d at 112-14 (vacating arbitral award without addressing or requiring complete irrationality).

In any event, the Arbitrator's decision to award attorneys' fees and costs to Scorza based on claims and arguments that the parties never submitted was completely irrational, as it deprived Davison of its due process rights to present its case to the Arbitrator. *Matteson*, 99 F.3d at 112-14; *Muzin*, 91 F.3d at 994; *Skjellerup*, 2005 WL 8156060, at *4-6; *PennEnergy*, 2023 WL 4715191, at *10-11. Acting contrary to longstanding and foundational legal precepts designed to protect a party's due process rights is completely irrational. If it is not completely irrational, nothing is.

Indeed, the reasoning of *Matteson* and the cases cited above are implicitly based on the "principle of party presentation":

> [i]n our adversarial system of adjudication, in both civil and criminal cases, in the first instance and on appeal . . . , we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present. As a general matter, our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief.

9

*United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (cleaned up) (citing and quoting *Greenlaw v. United States*, 554 U.S. 237 (2008)).

The D.C. Circuit recently noted the consequences of not abiding by this principle: "[i]t would wreak havoc . . . if judges were encouraged to sally forth each day looking for wrongs to right, taking it upon themselves to identify additional claims or inventive defenses never raised by the parties in the many cases brought before them." *Broidy Cap. Mgmt. LLC v. Muzin*, 61 F.4th 984, 994 (D.C. Cir. 2023) ("*Muzin*") (cleaned up) (quoting *Greenlaw*, 554 U.S. at 244).

Those consequences are exactly what occurred here. The Arbitrator asked the parties to address the legal bases for Scorza's request for attorneys' fees and costs. ECF 1-3. Scorza responded by arguing one—and only one—such basis: the UTPCPL. ECF 1-4 (pp. 2-3 of 71). He did ***not*** argue that the AIPA or the Texas Act provided a basis for awarding fees and costs. *Id.* Scorza, represented by competent counsel, never contended in his post-hearing submissions that he had asserted a claim to fees and costs—or a cause of action—under the AIPA or the Texas Act. ECF 1-4, 1-5. Because Scorza so limited his claims and arguments and did not purport to raise claims under the AIPA or the Texas Act, Davison's submissions were also so limited, and they did not address the AIPA or the Texas Act. ECF 1-6.

The Arbitrator, on his own authority and without notice to the parties, awarded Scorza attorneys' fees and costs under the AIPA and the Texas Act. ECF 1-8. The Arbitrator effectively crafted for Scorza claims under the AIPA and the Texas Act, as well as an unstated argument that Scorza was entitled to attorneys' fees

10

under those statutes. The Arbitrator thus exceeded his powers by undertaking a search for "wrongs to right, taking it upon [himself] to identify additional claims [for attorneys' fees and costs] . . . never raised by [Scorza and his counsel]." *Muzin*, 61 F.4th at 994; *see Matteson*, 99 F.3d at 113-15; *PennEnergy*, 2023 WL 4715191, at *10-11 (noting how an arbitrator acting as the Arbitrator did here deprives a party of basic due process protections afforded by law).

Scorza's argument on manifest disregard of the law is an irrelevant red herring. ECF 21 (pp. 10-12, ¶¶ 23-28.) Davison did not and does not make that argument, as should be obvious because those words appear nowhere in Davison's Motion. ECF 1 (pp. 1-15); *see* footnote 3 *infra*.

Scorza's counsel then unleashes the full barrage of their *ad hominem* attacks on Davison in a section entitled "Davison's Attempt to Game the System." ECF 21 (pp. 12-13, ¶¶ 29-33). To the extent the Court considers this argument at all,[2] it is meritless.

Scorza's counsel misrepresents *Frison* in making the spurious "Game the System" argument. The cases are significantly different.

As Judge Conti noted in *Frison*, "[i]n count I of the arbitration complaint, Frison claimed that Davison violated the AIPA . . . ." *Davison Design & Dev., Inc. v. Frison*, No. 2:17-cv-01468, 2018 WL 6324996, at *2 (W.D. Pa. Dec. 4, 2018) ("*Frison*

---

[2] "Personal attacks . . . are never appropriate in any court filing." *Lewis v. Delp Family Powder Coatings, Inc.*, No. 08-1365, 2010 WL 3672240, at *4 (W.D. Pa. Sept. 15, 2010); *Sparks v. Speedy Kleene Car Wash & Laundromat*, No. 2:19-cv-1286, 2020 WL 4207652, at *4-5 (W.D. Pa. July 22, 2020).

11

*I*"); *Davison Design & Dev., Inc. v. Frison*, 815 F. Appx. 659, 660 (3d Cir. 2020) ("*Frison III*") (Frison "pursued a claim under the [AIPA]" in arbitration). So the claimant in *Frison* expressly asserted a claim under the AIPA in her statement of claim—unlike Scorza. *See id.*

The arbitrator in *Frison* found in Frison's favor on the AIPA claim. In seeking vacatur or modification of the award, Davison argued the arbitrator exceeded his powers and manifestly disregarded the law "by ignoring the parol evidence rule and determining that Davison violated the AIPA."[3] *Friston I*, 2018 WL 6324996, at *5; *id.* at *7, 9 (summarizing Davison's other arguments for vacating the award in *Frison*). Davison did **not** argue in *Frison* that the arbitrator exceeded his powers by awarding damages on a claim Frison had not submitted to the arbitrator, as it does here, again because the AIPA claim **had** been submitted to the arbitrator by Frison. *See id.* at *1-10.

Scorza, by contrast, did not assert a claim under the AIPA in his Demand for Arbitration or otherwise, as detailed at length above. For that reason, *Frison* did not involve the same *Matteson/Ergobilt* issue that is at issue here. *See Frison I*, 2018 WL 6324996; *Davison Design & Dev., Inc. v. Frison*, No. 2:17-cv-01468, 2019 WL 1745787 (W.D. Pa. Apr. 18, 2019) ("*Frison II*"); *Frison III*, 815 F. Appx. 659. *Frison* and this case raise different bases and arguments for vacatur.

---

[3] This is the real reason why Scorza's counsel includes a section on manifest disregard of the law in its Response, ECF 21 (pp. 10-12, ¶¶ 23-28), even though Davison never made that argument: to try to artificially tie this case to *Frison*. Davison made a manifest disregard of the law argument in *Frison*, but it does not do so here.

The Third Circuit in *Frison* did not, as Scorza's counsel falsely claims, "review[]" or "confirm[]" Judge Conti's decision declining to vacate the award and confirming it. ECF 21 (p. 2, ¶ 2; p. 14 ¶¶ 34-35; p. 15 ¶ 39). It was **Frison** who appealed to the Third Circuit after Judge Conti denied Frison's later request for attorneys' fees. *Frison II*, 2019 WL 1745787; *Frison III*, 815 F. Appx. at 660 (noting "Frison now appeals th[e] denial of attorneys' fees"). Davison **did not appeal** from Judge Conti's decision in *Frison I* denying its motion to vacate, so the Third Circuit did not "review[]" or "confirm[]" that decision. *See id.* When Judge Conti denied its motion to vacate, Davison forwent an appeal, contrary to Scorza's baseless statements to the contrary. *See id.*

Scorza's counsel misrepresents the proceedings in *Frison* because an accurate summary of that case, and an accurate comparison of that case to this one, shows the true fallacy of his counsel's *ad hominem* attacks on Davison and the lengths they will go to try to pursue those attacks. All *Frison* shows is that Davison had once previously exercised its statutory right to challenge an arbitral award on a different basis than is at issue before this Court now. *See* 9 U.S.C. § 10; *Mesa Power Group, LLC v. Gov't of Canada*, 255 F. Supp. 3d 175, 189-90 (D.D.C. 2017) ("[S]eeking vacatur alone is not an indication of bad faith—rather, it is simply an exercise of the losing party's rights.").

Here, Davison filed a motion to vacate a portion of an arbitral award on a legitimate basis that was not at issue in *Frison*. If anything, *Frison* and this case demonstrate that Davison acts judiciously and in accordance with the law in the

rare case when it pursues its statutory right to challenge an arbitral award that is more than erroneous and meets the high standards warranting the filing of a motion to vacate.

## III. Conclusion

Accordingly, Davison's Motion to Vacate should be granted by partially vacating, or modifying, the Award by striking that portion of the Award granting attorneys' fees and costs to Scorza.[4]

                                          Respectfully submitted,

                                          BARRON LAW OFFICE LLC

Date: September 6, 2023    By:   */s/ Justin T. Barron*
                                                      Justin T. Barron (PA I.D. No. 200394)
                                                      P.O. Box 493
                                                      Valencia, PA 16059
                                                      (412) 334-6312
                                                      jbarron@justinbarronlaw.com

---

[4] Scorza does not oppose Davison's request that the Court partially vacate or modify the Award rather than remand for further arbitration proceedings. ECF 1 (p. 14, ¶¶ 72-76); ECF 21 (pp. 1-20).