IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| DAVISON DESIGN & DEVELOPMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARIO SCORZA, <br><br> Defendant, | 2:23-CV-00644-MJH |

OPINION AND ORDER

Plaintiff, Davison Design & Development, Inc., brings the within Complaint/Motion to Vacate or Modify Arbitration Award pursuant to the Federal Arbitration Act (FAA) (9 U.S.C. §§ 10-11) stemming from a March 27, 2023 Arbitration Award in favor of Defendant, Mario Scorza. (ECF No. 1). Defendant, Mario Scorza, moves to confirm the subject arbitration award and opposes Davison's Complaint and Motion. (ECF No. 21).

Following consideration of Davison's Complaint/Motion to Vacate or Modify Arbitration Award (ECF No. 1), Mr. Scorza's Motion to Confirm Arbitration Award (ECF No. 21), the respective briefs (ECF Nos. 25 and 26), and for the following reasons, Davison's Motion to Vacate or Modify Arbitration Award will be Denied. A hearing on Mr. Scorza's Motion to Confirm will be scheduled upon further order of court.

I. Background

In the subject Arbitration, Mr. Scorza prevailed against Davison Design & Development, Inc. ("Davison"), and was awarded damages of $20,042.25 and attorneys' fees in the amount of $199,024.05. (ECF No. 21-1). Davison avers that, in the underlying arbitration, Mr. Scorza only asserted a basis for attorneys' fees under the Pennsylvania Unfair Trade Practices and

Consumer Protection Law (UTPCPL). (ECF No. 1 at ¶ 4).  Davison further alleges that, other than the UPTCPL, Mr. Scorza asserted no other statutory or other legal basis for attorneys' fees. *Id*. at ¶¶ 5-6.  However, Davison avers that the Arbitrator granted Mr. Scorza's request for attorneys' fees and costs, but in doing so, cited two legal bases (American Inventor Protection Act (AIPA), and the Texas Invention Development Services Act (TIDSA)) that were never asserted by Mr. Scorza and in which Davison never addressed in its Arbitration submissions.  *Id*. at ¶ 8.  Accordingly, Davison contends that the Arbitrator exceeded his powers, and it moves to partially vacate or modify the portion of the Arbitration Award, which had granted Mr. Scorza attorneys' fees and costs.  *Id*. at ¶ 10.  Conversely, Mr. Scorza moves to confirm the Abitration Award, for pre- and post-judgment interest, and for further attorney's fees in answering Davison's motion. (ECF No. 21).

      II.      Relevant Governing Law

           A.      FAA Provisions

This dispute is governed by the Federal Arbitration Act ("FAA").  The FAA provides the following regarding the enforcement of arbitration awards:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title [9 U.S.C. §§ 10, 11]. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

Section 10(a) of the FAA grants the Court authority to vacate an arbitration award in relevant part as follows:

2

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> \*\*\*
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(4).

As regards modification, the FAA provides, in relevant part, as follows:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—
>
> \*\*\*
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> \*\*\*
>
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11(b).

### B.  Relevant Review Standard

When presented with a motion to vacate, the Court must keep in mind the proper standard under which it reviews an arbitration award. "In light of the FAA and common law, court review of arbitration awards are 'extremely deferential' and presents a high hurdle for the party challenging the award." *Paul Green Sch. of Rock Music Franchising, LLC v. Smith*, CIV A 08-CV-5507, 2009 WL 426175, at *2 (E.D. Pa. Feb. 17, 2009) (citing *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003)). "The Third Circuit has held that vacatur is appropriate only in 'exceedingly narrow circumstances.'" *Id*. (citing *Dluhos*, 321 F.3d at 370). "Hence, the listed

justifications for vacatur in 9 U.S.C. § 10(a) will be strictly construed in line with this Court's extreme deference to the arbitration award." *Id*.

   III.   Discussion

   A.  Motion to Vacate

Davison argues that the Arbitrator exceeded his powers by awarding fees and costs to Mr. Scorza under the AIPA and TIDSA where Mr. Scorza had only submitted a recovery of said fees and costs under the UTPCPL.   Davison further contends that because Mr. Scorza's Fee Petition expressly limited his request for attorneys' fees and costs to the UTPCPL, Davison did not address the AIPA or TIDSA in its Arbitration submissions.

In response, Mr. Scorza maintains that the award of attorneys' fees was supported by the UTPCPL, the AIPA, and the TIDSA.   Mr. Scorza contends that the Arbitrator requested a submission on attorney's fees, Mr. Scorza submitted an application for the same, and Davison had an opportunity to respond in its post-hearing briefing.   Mr. Scorza further argues that application of the TIDSA is acknowledged by Davison's own contract and legally mandated disclosure documents.   Mr. Scorza asserts that said documents were entered into evidence and discussed during the Arbitration.

So long as the decision of the Arbitrator has any conceivable, rational underpinning, the decision of the Arbitrator must stand. *See Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account*, 618 F.3d 277, 295–96 (3rd Cir.2010). Courts have vacated arbitral awards under the "exceeded powers" standard only where the arbitrator's decision addressed issues not submitted to arbitration, involved parties or transactions outside the scope of the arbitration clause, or awarded remedies barred by the agreement. *See Roadway Package Sys. Inc. v. Kayser*, 257 F.3d 287, 300-01 (3rd Cir. 2001).   This standard is based on the fundamental

4

principle that the FAA ensures enforcement of the terms of the parties' agreement to arbitrate. *See, e.g., Mastrobuono v. Shearson Lehman Hutton Inc.*, 514 U.S. 52, 57 (1995); *Volt Info. Sciences Inc. v. Board of Trustees*, 489 U.S. 468, 476, 478-79 (1989). If an arbitration award is consistent with applicable law, the arbitrator did not exceed his powers. Any award that is rationally derived from the parties' arbitration agreement and submissions must be confirmed. *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 246 (2d Cir. 2021); se*e also Bayside Construction LLC v. Smith*, 2022 WL 2593303 (3d Cir. July 8, 2022).

Here, Davison's arguments, regarding vacatur of attorney fees, center on essentially a distinction without a difference. Whether the Arbitrator cited the UPTCPL or other statute, Davison had notice that Mr. Scorza was seeking attorneys' fees under his claims. Mr. Scorza's original Petition for Arbitration (ECF No. 1-2) averred claims for Breach of Contract, Common-Law Fraud, the UPTCPL, Fraud by Non-Disclosure, and Negligent Misrepresentation. Said Petition included a claim for attorneys' fees, not for a particular cause of action, but generally, for Davison's "wrongful actions." *Id*. Further, Davison and Mr. Scorza's contract provided for disputes in arbitration and the following disclosure, "THIS CONTRACT BETWEEN YOU AND AN INVENTION DEVELOPER IS REGULATED BY THE STATE OF TEXAS' REGULATION OF INVENTION DEVELOPMENT SERVICES ACT." (ECF No. 21-8 at p. 2). In his Application for Fees and Costs (ECF No. 1-4), Mr. Scorza cited specifically to the UTPCPL, but also, requested, "an award of any and all further remedies, either at law or in equity, to which he may show himself justly entitled." *Id*. at p. 3. Mr. Scorza also references the TIDSA in his pre-hearing and post-hearing brief. (ECF Nos. 21-6 and 21-7).

With these matters in context, the Arbitrator's award was rationally derived from the parties' agreement and submissions. Even if it were determined that the Arbitrator should have

cited to the UTPCPL or have been more specific in his award, Mr. Scorza's claims always contained an attorneys' fees component. This was not a surprise to the litigants, and Davison has not argued that it would have disputed the attorneys' fees award differently through any defense under the AIPA and/or TIDSA. Therefore, Davison has no basis to vacate or modify the award of attorneys' fees to Mr. Scorza.

Accordingly, Davison's Motion to Vacate will be denied.

B. Motion to Confirm

In his motion to confirm the Arbitration Award, Mr. Scorza argues that he should be awarded additional attorneys' fees for enforcing the award through answering Davison's Motion to Vacate. Specifically, Mr. Scorza contends that Davison's motion was filed in bad faith, vexatiously, wantonly, and for oppressive reasons. Accordingly, Mr. Scorza requests additional attorney fees under Pennsylvania statute, 42 Pa.C.S. § 7321, or under this Court's equitable powers under Fed. R. Civ. P. 11(c). He also requests pre- and post-judgment interest at the lawful rate, six percent (6%), from the date of the award, March 27, 2023, going forward.

In response, Davison argues that the enactment of 42 Pa.C.S. § 7321 post-dates the parties' agreement and thus does not apply. Further, it contends that this is a federal judicial proceeding under the FAA. Davison also maintains that it has not litigated in bad faith, vexatiously, or for oppressive reasons. Specifically, Davison asserts it challenged only one aspect of the Arbitrator's Award—its award of attorneys' fees and costs under statutory claims it alleges Mr. Scorza never asserted or submitted to the Arbitrator. Davison concedes that Mr. Scorza may recover pre- and post-judgment interest, but, should the Court choose to award additional attorneys' fees, Davison maintains Mr. Scorza has not demonstrated that they are reasonable.

Here, after due consideration, the Court agrees that the Pennsylvania statutes cited by Mr. Scorza would not apply to a matter governed by the FAA and that its enactment post-dates the parties' agreement. With regard to an equitable awarding of attorney fees, the Court acknowledges that this is a close call. The basis for attorneys' fees, whether cited correctly by the Arbitrator or not, appear throughout the subject Arbitration proceedings. Liability for attorneys' fees was always a possibility, and Davison has not argued a statutory defense or otherwise that it would have asserted under the AIPA or TIDSA. The Court's impression is that Davison has piggybacked on the Arbitrator's phrasing rather than reach the logical conclusion through the full scope and context of the parties' submissions and agreement. Thus, in the interests of equity, the Court would be inclined to award Mr. Scorza additional counsel fees. However, the Court also observes that Mr. Scorza would need to develop a further record to satisfy the reasonableness of said request.

With the above in mind, the Court observes that fee shifting cases often result in a perpetual cycle of counsel fee requests. Therefore, the Court will schedule a hearing approximately sixty (60) days from now to receive evidence on Mr. Scorza's Motion to Confirm. In the meantime, the parties should confer regarding whether they can reach a compromise on Mr. Scorza's motion. Should a resolution be reached, the parties shall promptly advise the Court.

## ORDER

Following consideration of the foregoing, it is hereby ordered that Davison's Motion to Vacate/Modify Arbitration Award is denied. It is further ordered that the Court will schedule a hearing approximately sixty (60) days from now to receive evidence on Mr. Scorza's Motion to Confirm. In the meantime, the parties should confer regarding whether they can reach a

compromise on Mr. Scorza's motion. Should a resolution be reached, the parties shall promptly advise the Court.

      DATED this 3rd day of November 2023.

                  BY THE COURT:

                  _____
                  MARILYN J. HORAN
                  United States District Judge