IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| DAVISON DESIGN & DEVELOPMENT, INC., | ) ) ) | 2:23-CV-00644-MJH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| MARIO SCORZA, | ) ) ) | |
| Defendant, | | |

OPINION

Following this Court's November 3, 2023 Memorandum Opinion and Order (ECF No. 27) denying Plaintiff, Davison Design & Development, Inc.'s, Motion to Vacate or Modify the March 27, 2023 Arbitration Award, a hearing was held on January 2, 2024 on Defendant, Mario Scorza's, Motion to Confirm the March 27, 2023 Arbitration Award (ECF No. 21) to develop a record for the award of additional attorney fees for Mr. Scorza's defense of Davison's Motion and prosecution of his own motion. The matter is now ripe for disposition.

Following consideration of Mr. Scorza's Motion to Confirm Arbitration Award (ECF No. 21), the respective briefs (ECF Nos. 25 and 26), Exhibits (ECF No. 29), testimony, the arguments of counsel, and for the following reasons, Mr. Scorza's Motion to Confirm will be granted and additional counsel fees will be awarded as set forth below.

For the reasons set forth in this Court's November 3, 2023 Opinion, the Court will confirm the March 27, 2023 Arbitration Award and enter judgment as follows:

    a.    $225,078.90 for the primary amount of the Award;

    b.    $32,564.00 for arbitration fees, as set forth in the Award;

      c.      Pre- judgment interest on $257,642.90 to be calculated at the rate specified in 41 P.S. § 202, from March 27, 2023, through the date of this Order, until paid in full.

      d.      Post-judgment interest on $257,642.90 to be calculated at the rate specified in 28 U.S.C. § 1961 from the date of this Order until the date of payment.

The sole remaining issue, which was reserved for hearing on January 2, 2024, was the necessity and reasonableness of costs and fees incurred by Mr. Scorza in confirming his March 27, 2023 Arbitration Award. In his original motion to confirm, Mr. Scorza requested $36,385.50 for his reasonable costs and fees involved in confirming the March 27, 2023 Arbitration Award. In support of this amount, Mr. Scorza's counsel submitted an affidavit (ECF No. 29-10) and testified that this total consists of the following:

    a. Attorney's fees for Confirmation/Vacatur action………………$16,965.50

    b. Local Counsel fees billed and projected………………………...$1,188.00

    c. Court costs and expenses including pro hac vice application…..$210.00

    d. Projected and/or unbilled attorney's fees………………………..$18,022.00

        Total……………………………………………………………..$36,385.50

At the time of the hearing, Mr. Scorza's counsel also claimed supplemental fees of $13,234.23 to bring the total award request for additional attorney fees to $49,619.73. Davison contends that the requested fees are unreasonable based upon the reasons set forth in its Motion to Vacate, and in particular, that the projected and/or unbilled attorney's fees lack evidentiary support.

    In determining whether the fee requested is reasonable, courts use the "'lodestar' formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Middlebrooks*, 2019 WL

936645, at *4. The party seeking attorney's fees bears the burden of showing that the claimed rates and number of hours are reasonable. *See Hensley*, 461 U.S. at 433, 103 S.Ct. 1933 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."); *United Sates ex rel. Palmer v. C&D Tech., Inc.*, 897 F.3d 128, 139 (3d Cir. 2018)

Here, the testimony and billing records of Mr. Scorza's counsel supports actually incurred fees of $17,144.83 from primary counsel and $693.00 from local counsel, which totals $17,837.83. The Court finds that said billings, based upon time and services entries, sufficiently necessary and reasonable to support the additional award of $17,837.83. However, the record does not support any additional billing or time records beyond this total. In the two months since this Court scheduled this matter for hearing, Mr. Scorza's counsel provided no additional billing or time records beyond his conclusory reference to additional requested fees during his testimony at the January 2, 2024 hearing. Such is not sufficient for Mr. Scorza to meet his burden for any additional fee award beyond $17,837.83.[1] Therefore, the Court will award only those fees which were necessary and reasonable and supported by the record evidence in this case.

Accordingly, the Court will confirm the March 27, 2023 Arbitration Award and award additional reasonable and necessary attorney fees incurred in defending against Davison's Motion to Vacate and in support of Mr. Scorza's Motion to Confirm. Said necessary and reasonable fees are in the amount of $17,837.83.

A separate Judgment will follow consistent with the confirmation award, award of interest, and award of additional attorney fees.

DATED this 3rd day of January 2024.

---

[1] At 10:47 p.m. EST on January, 2, 2024, the night before the subject hearing, Mr. Scorza's counsel filed evidentiary exhibits, identical to those filed in August 23, 2023, none of which contained additional invoices supporting the "Projected and/or unbilled attorney's fees" referenced in counsel's August 23, 2023 affidavit in support of additional attorney's fees.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge