**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVISON DESIGN & DEVELOPMENT, INC.** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CA No. 2:23-cv-644 |
| **MARIO SCORZA** ) ) ) | |
| Defendant ) | |

**DEFENDANT, MARIO SCORZA'S RESPONSE TO PLAINTIFF'S MOTION TO STAY EXECUTION OF JUDGEMENT PENDING APPEAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Mario Scorza ("Scorza") in the above styled and numbered cause of action, and files this, his Response to Plaintiff's Motion to Stay Execution of Judgement Pending Appeal, and, in support of same, would respectfully show the Court the following:

**I**
**BACKGROUND**

1. On Jan 3, 2024, the Court entered a judgment in favor of Scorza, awarding $225,078.90 for the primary amount, $32,564.00 for arbitration fees, and pre- and post-judgment interest, against Davison Design & Development, Inc. ("Davison"). Docket Entry 32. The Court also awarded additional attorney's fees involved in confirming the arbitration award in the amount of $17,837.83. *Id*. Scorza requested the Court award the full amount of his attorney's fees for confirming the arbitration award made the basis of this suit and opposing Davison's motion to vacate the arbitration award. The Court only awarded part of Scorza's requested attorney's fees, noting that, as of August 23, 2023 (the date of the Attorney's Fee Application), detailed invoices had only been filed for that amount. Docket Entry 31.

1

2. In response, Davison has sought to appeal this Court's award of any attorney's fees involved in confirming the Arbitration Award. Davison is fully aware that this is frivolous appeal.

## II
### STANDARD

3. A supersedeas bond is insufficient if it excludes payment of interest, costs, and fees. *Capital v. Seykota*, No. 2002-63, 2008 U.S. Dist. LEXIS 143508, at *3 (D.V.I. 2008). "The purpose of a supersedeas bond is to protect the prevailing party from loss resulting from a stay of execution of judgment." *James v. Antilles Ins., Inc.*, 27 V.I. 55, 57 (1992)(citing *Federal Prescription Srvc., Inc. v. American Pharmaceutical Assoc.*, 636 F.2d 755, 205 U.S. App. D.C. 47 (D.C. Cir. 1980). The bond must be in a "sum sufficient it pay the judgement and costs, interest, and damages for delay." *Patrick v. John Odato Water Serv.*, 767 F. Supp. 107, 110 n. 3, 26 V.I. 361 (D.V.I. App. Div. 1991)(quoting 9 Moore's Federal Practice ¶ 207.02).

4. Here, Davison has only proposed a mere $281,000 cash bond as "sufficient protection" under Fed. R. Civ. P. 62(b). *See PG Publishing, Inc. v. Newspaper Guild of Pittsburgh, Commc'n Workers of Am., AFL-CIO Local 38061*, No. 20-236, 2021 WL 424012, at *3 (W.D. Pa. Feb. 8, 2021) (Horan, J.). However, the proposed bond is overwhelmingly below an adequate amount to cover the judgement, interest, costs, fees, and damages for delay.

5. In addition, Davison is requesting this Court to stay execution of the judgment, <u>even the amount of the Arbitration Award that it did not appeal and has not paid</u>. Davison is not entitled to a stay on execution of the amounts of the judgment that it is not appealing. Furthermore, the amount of cash bond that it is requesting is grossly insufficient to provide security for the Judgment on appeal.

6. Davison is appealing the arbitrator's award of attorney's fees in the underlying arbitration. Thus the amount of $26,054.85 is undisputed and is not being appealed. "[I]n the principle amout of $20,042.25 with $6012.60 in interest…" Arbitration Award, Docket Entry 21-1.

## III
## BOND

7. Davison owes the following to Scorza, as per the Judgement Order entered into on January 3, 2024:

   a. The Arbitration Award on March 27, 2023 for the amount of $225,078.90 plus the arbitration fees of $32,564 equates to $257,642.90, which is to have a 6% per annum interest till January 3, 2024, for an amount of $11,985.69 (representing $42.35 of interest a day for 283 days), totaling the amount owed to $269,628.59 ($257,642.90 + $11,985.69);

   b. Post judgement interest on $257,642.90, which is to have a 4.81% per annum interest rate till the date of complete payment, as of March 13, 2024, equates to an amount of $2,410.62 (representing $33.95 of interest a day for 70 days), totaling the amount owed to $272,039.21 ($269,628.59 + $2,410.62);

   c. Additional attorney fees ordered in the amount of $17,837.83, totaling the amount owed to $289,877.08 ($272,039.21+$17,837.83).

8. To date, Davison has paid only $20,000.00 to Scorza, with no interest in paying anything further.

9. Davison calculates that this case will only take one year and offers only $12,392.62 as the interest for one year to be included in its cash bond. However, this amount is undoubtedly low and will likely take up to two years. Davison's strategy from the beginning of this dispute has been to extend the suit and payment to Scorza for as long as possible, likely in hopes that Scorza passes away, given his old age, before ever seeing Davison make the payments awarded by the suit. Thus, $24,785.24 ($12,392,62 * 2 years) should be required for the portion of the bond regarding the length of the appeal.

10.     Davison has pursued this frivolous suit to modify the Arbitration Award and avoid paying Scorza's rightfully awarded attorney's fees as awarded by the Arbitrator and confirmed by this Court.

11.     "An appeal is considered frivolous when it is "utterly without merit," or without "colorable argument" raised in support." *Hilmon Co. v. Hyatt Int'l*, 899 F.2d 250, 251 (3d Cir. 1990) (quoting *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 64 (3d Cir. 1986); *In re: Hall's Motor Transit Company*, 889 F.2d 520, 523 (3d Cir. 1989)). In *Himlon*, the Third Circuit Court of Appeals awarded attorney's fees and costs on the appeal to the appellees for the frivolous appeal.

12.     The same is true in this appeal by Davison. Davison lacks any merit or colorable argument as to why Scorza's attorney fees should not be paid. The law applied by the Arbitrator gave discretion to award attorney's fees under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, the American Inventor Protection Act ("AIPA") and the Texas Invention Development Services Act ("TIDSA"). *See* 73 Pa. Stat. § 201-9.2; 35 U.S.C. § 297; Tex. Bus. & Comm. Code §§ 52.001, *et seq.*; *see also discussion at length in* Docket Entry 21, pp. 9-12, 15-17. Furthermore, Davison has already recently taken this appeal on this exact same issue to the Third Circuit. Davison knows they have no meritorious argument. Davison is simply attempting to punish Scorza for taking an arbitration award against them, by delaying any recovery to an aging plaintiff.

13.     Thus, not only should the Appellate Court find that the awarded attorney's fees remain, but shall also award additional attorney fees. Therefore, the cash bond submitted by Davison should account for such and an additional $80,000.00 should be assessed in the event that further filings and oral arguments are to be held on the matter

4

14. In total, Davison should be required to post a cash bond totaling $374,662.32 ($289,877.08 (total due under the Judgment, as of March 13, 2024) - $20,000 (payment made) + $24,785.24 (two years of interest) + $80,000 (for additional costs and attorney's fees for the appeal)).

## IV
## PRAYER

WHEREFORE, Defendant prays that the Court deny the motion. In the alternative, Defendant prays the Court only stay the judgment as towards the amount exceeding $26,054.85, only provided that Davison posts a cash bond in the amount of $374,662.32.

Respectfully submitted,

/s/ *Stacey L. Barnes*
Stacey L. Barnes
sbarnes@kmd.law
TX Bar No. 24006800
William Yarbrough
wyarbrough@kmd.law
Vikesh Patel
vpatel@kmd.law
KEARNEY, MCWILLIAMS & DAVIS, PLLC
55 Waugh, Suite 150
Houston, Texas 77007
Phone: (713) 936-9620
Fax: (713) 936-9321
*Admitted Pro Hac Vice*


John J. Myers
JMyers@eckertseamans.com
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
Phone: 412-566-5900
Fax: 412-566-6099

***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on the 13th day of March, 2024, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record and/or pro se parties, by means of the Court's electronic filing system, in accordance with the Rules of Civil Procedure.

Justin T. Barron
Barron Law Office LLC
P.O. Box 493
Valencia, PA 16059
(412) 334-6312
jbarron@justinbarronlaw.com


                                                                                  */s/Stacey L. Barnes*_____
                                                                                   Stacey L. Barnes